No. 12781

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA,

                    Plaintiff and Respondent,

-vs-

CLAYTON KLEIN,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Thirteenth Judicial District,
               Honorable C. B.Sande, Judge presiding.

Counsel of Record:

    For Appellant:

        William Fitzgerald argued, Billings, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        Thomas A. Budewitz, Assistant Attorney General,
         argued, Helena, Montana
        Harold F. Hanser, County Attorney, argued, Billings,
         Montana

---

                        Submitted: November 7, 1975

                          Decided:

Filed:

*Thomas J. Kearney*
                          Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant, Clayton Henry Klein, appeals from a judgment of conviction of robbery entered on a jury verdict in the district court, Yellowstone County.

By Information, filed January 7, 1974, Klein was charged with one count each of robbery, in violation of section 94-5-401(1)(b), R.C.M. 1947; burglary, in violation of section 94-6-204, R.C.M. 1947; and criminal possession of dangerous drugs, in violation of section 54-133, R.C.M. 1947. The Information listed ten witnesses for the state, six were Billings police officers. The affidavit in support of the Information, stated:

> "At about 10:00 p.m. on January 1, 1974, the defendant entered the Montana Bar Cafe located at 2624 Minnesota Avenue, Billings, Montana, and ordered a bowl of stew which he ate and paid for. As the waitress was clearing away the dishes and cleaning the counter, the defendant pulled out a pistol, pointed it at the waitress and said 'I'm going to rob you, give me your money.' She gave him approximately $85.00 from the cash register and he ran out the west door and west up the alley.
>
> "After the restaurant was closed, and about 3:10 A.M. on January 2, 1974, two waitresses and the operator of the cafe were leaving the area by car when they saw the defendant break into the office of the Yellow Cab garage located at 2611 Minnesota Avenue, Billing, Montana, enter and then leave by the broken door. Taken was about $12.00 in cash. The witnesses have positively identified the defendant as the person involved in both the robbery and burglary.
>
> "After defendant's arrest at the pool hall across the street from the Yellow cab garage within a few minutes after defendant came out of the garage, and when searched, defendant had one (1) yellow capsule in his pocket which tested positive for barbiturate, which defendant admitted he bought for pleasure purposes."

At his arraignment, defendant pled not guilty to all three counts and trial was scheduled for February 25, 1974. Before trial, defendant withdrew his plea of not guilty on the criminal possession of dangerous drugs count, and went to trial only on the robbery and burglary counts.

On February 20, 1974, the prosecution moved to endorse six additional witnesses not named on the Information. The court on February 22, granted the motion to add the six witnesses. Only

four of the six additional witnesses were called to testify at the trial. Defendant objected to the testimony of two of the witnesses but only after direct and cross-examination was had and then his objection was to strike the testimony on grounds that the state knew of these witnesses when the Information was filed on January 7.

At the close of the second day of trial, the prosecution moved to endorse the names of four witnesses not previously disclosed. Two of these witnesses were Billings police officers who had investigated the burglary, one was the owner-manager of the Yellow Cab Co., and the fourth was an employee of the cab company.

The state claimed it did not know that the testimony would be required until during the presentation of the state's case regarding some evidentiary matters in connection with the burglary count. Defendant objected to the additional witnesses. The objection was based on the grounds that they were known to the prosecution at the time the Information was filed; they should have been included on the Information's list of witnesses; and to allow them to be endorsed at this stage of the trial would be prejudicial. The court asked, "Do you want a continuance?" Defense counsel responded, "I am not asking for a continuance." The court then stated "Well, the court would grant you one possibly, if you asked for one." The district court allowed the motion by the state to endorse the witnesses and two of the four testified.

The jury returned a verdict of not guilty on the burglary charge and guilty on the charge of robbery. Based on a motion to increase punishment pursuant to section 95-1506, R.C.M. 1947, which had been previously filed, defendant was sentenced to 30 years at Montana state prison. Defendant pled guilty to the criminal possession of dangerous drugs charge and was sentenced to one year at the state prison, to run concurrently with the 30 year robbery sentence.

Defendant appeals from the final judgment and presents three issues for review.

1) Whether the court erred in allowing the State to endorse additional witnesses?

2) Whether the use of the word innocent in a jury instruction was error?

3) Whether the district court properly instructed the jury as to the intent required for a conviction of the crime of robbery?

Section 95-1503, R.C.M. 1947,provides:

"A charge shall: * * *

"* * *

"(d) If the charge is by information or indictment, it shall include endorsed thereon, the names of the witnesses for the state, if known."

Section 95-1803, R.C.M. 1947, provides:

"* * *

"(a) List of Witnesses: (1) For the purpose of notice only and to prevent surprise, the prosecution shall furnish to the defendant and file with the clerk of the court at the time of arraignment, a list of the witnesses intended to be called by the prosecution. The prosecution may, any time after arraignment, add to the list the names of any additional witnesses, upon a showing of good cause. * * *."

With section 95-1803, R.C.M. 1947, appears this Revised Commission Comment:

"Further, this provision allows the addition of names not only prior to trial, but after the trial has commenced. As the trial progresses, the showing which is necessary to establish 'good cause' should be more stringent. At any time, the judge may allow a continuance (section 95-1708) if it should appear necessary in the interest of justice."

In State v. Rozzell, 157 Mont. 443, 450, 486 P.2d 877, this Court reviewed section 95-1803(a)(1) and stated:

"'Good cause' has been defined as a 'substantial reason', one that affords a legal excuse."

The court should first determine whether the need for the additional witnesses and the reason for their not being disclosed earlier is a "substantial reason". It should then determine whether there is

prejudice based on surprise and whether this surprise can be overcome by the granting of a continuance. If the surprise element can be overcome by a continuance, then the witnesses should be endorsed and the continuance granted. The spirit and intent of the law is that names and addresses of potential witnesses should be disclosed as soon as they are known.

Here, defendant did not make a proper or timely objection to the witnesses endorsed prior to trial and further claimed no surprise nor did defendant request a continuance. As to the witnesses endorsed during trial, the defendant did not claim surprise and declined a continuance offered by the court. Additionally, defendant was acquitted on that count. Therefore, we find no prejudice or error.

Defendant objects to court's Instruction No. 1. Instruction No. 1 is taken from Montana Jury Instructions Guide Criminal, which in turn is taken from CALJIC (3d ed) No. 1.00. It is entitled "Cautionary Instruction-Omnibus Type". The language objected to reads:

> "You must not suffer yourselves to be biased against a defendant because of the fact that he has been arrested for this offense, or because an information has been filed against him, or because he has been brought before the Court to stand trial. None of these facts is evidence of his guilt, and you are not permitted to infer or to speculate from any or all of them that he is more likely to be guilty than innocent." (Emphasis added.)

Defendant presents an argument, without authority, based only on semantics to the effect that "innocent" would confuse a jury where the term "not guilty" would not. We are not moved by this discussion. Instruction No. 1, as stated above, is a cautionary instruction to establish the presumption of innocence and read with the instructions that followed, properly placed the burden of proof on the state to establish guilt beyond a reasonable doubt.

Defendant next argues that the instructions concerning specific intent, were not sufficient; that the jury must consider

"intent" in addition to considerations of "knowingly" or "pur-posely". Defendant cites as error the court's refusal of eight defense instructions illustrative of this proposition. First, four of the instructions are not before the Court as they pertain to the burglary count of which defendant was acquitted. We do not agree the refusal of the remaining four was error.

Defendant was convicted of the crime of robbery as defined in section 94-5-401, R.C.M. 1947, which reads:

> "(1) a person commits the offense of robbery if, in the course of committing a theft, he:
>
> "(a) inflicts bodily injury upon another; or
>
> "(b) threatens to inflict bodily injury upon any person or purposely or knowingly puts any person in fear of immediate bodily injury; or
>
> "(c) commits or threatens immediately to commit any felony,. other than theft."

The proscribed conduct under section 94-5-401 (1)(b), is "threatens to inflict bodily injury upon any person or * * * puts any person in fear of immediate bodily injury." However, such conduct is criminal only if done "purposely or knowingly". Therefore, the specific intent required before a conviction for the crime of robbery may be had is that the accused must have acted either "purposely or knowingly".

Court's Instructions No. 5 and No. 6, defined purposely and knowingly, respectively, as per section 94-2-101(28),(53). Helpful in determining the meaning of the code provision is the following annotator's note appearing in the "Montana Criminal Code, 1973, Annotated", by Prof. William F. Crowley as produced by the Montana Criminal Law Commission, under section 94-2-101(53) at page 73. There it was said:

> "A major problem of prior Montana criminal law was the use in the code of numerous terms affecting culpability that were largely undefined. Under the new Code, the mental states required for various degrees of culpability are defined carefully in a hierarchy. 'Purposely' is the most culpable mental state and implies a design. This term replaces a term frequently used in the old code, 'intentionally.'

It should be noted that a person need not act toward a particular result; he need act only with the object to engage in certain conduct. Although a person's intentions may be conditional, his mental state is still culpable under this definition, unless the condition negates the specific intent required by statute. Completing the hierarchy of mental states in the new Code are the terms 'knowingly' and 'negligently,' each defined in this section." (Emphasis supplied.)

It is clear that the legislature intended the words "purposely" and "knowingly" would substitute for the word "felonious" (i.e., intentionally) as used in the old code. See: Section 94-4301, R.C.M. 1947, repealed.)

The judgment of the district court is affirmed.

_____
                              Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 7 -