No. 87-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DARRELL W. CRABB,

Defendant and Appellant.

APPEAL FROM: District Court of Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Moses Law Firm; Stephen C. Moses, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Joe R. Roberts, Asst. Atty. General, Helena
Wm. Nels Swandal, Livingston, Montana
Dan McGregor, Deputy County Atty., Livingston

Submitted on Briefs: April 7, 1988

Decided: May 26, 1988

Filed: MAY 2 6 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The defendant/appellant, Darrell W. Crabb, was convicted of one charge of felony assault as specified in § 45-5-202(2)(b), MCA. Trial was held before a jury in the Sixth Judicial District, Park County, with the Honorable Byron L. Robb presiding. Crabb appeals his conviction and we affirm.

Defendant/appellant, Darrell Crabb (Crabb) along with his wife, owns and operates the All Seasons Inn located in Cooke City, Montana. Geri Donahue worked at the Inn and her employment ceased in November 1986. Following the termination of Donahue's employment, plans were made for her to be transported to Livingston, Montana by a friend, William Howard, on November 18, 1986. While traveling to Cooke City from Livingston, Howard experienced car trouble and was eventually assisted by a friend, Claude Nead. Howard and Nead then proceeded to Cooke City driving Nead's van, and arrived at approximately 10:30 p.m. to 11:00 p.m.

Despite the fact that Donahue lived in the employee living quarters in the basement of the Inn, Howard and Nead entered the Inn and began to look for Donahue on the second and third floors. Testimony at trial indicated that Nead and Howard may not have realized the location of Donahue's living quarters. Crabb resided on the third floor with his wife and became concerned when he heard voices and noises in the hallway. Apparently, business was very slow at this particular time of year and most rooms were empty and not prepared to receive customers. Crabb tucked a revolver into his pants and went to investigate.

2

Nead and Howard eventually located Donahue back in the lobby area of the Inn. After a short conversation, Crabb entered the lobby area and a dispute arose. In the course of the dispute, Crabb revealed his revolver and pointed it at Howard. Testimony received at trial indicated that Crabb threatened to shoot Howard as he aimed the gun at him. Following an exchange of words, Crabb eventually ceased pointing the revolver at Howard. Some of Donahue's possessions were then loaded into the van and the group departed. Upon arriving in Gardiner, Montana, a deputy sheriff was contacted and the incident was reported.

Crabb was later charged by information on one count of felony assault, § 45-5-202(2)(b), MCA, charging that he "purposely or knowingly caused reasonable apprehension of serious bodily injury in William Howard by use of a weapon to wit, a revolver, by pointing a revolver at him and threatening him." A jury trial was commenced on August 3, 1987 and Crabb was found guilty. Crabb received a three year deferred sentence and was placed on probation.

Crabb raises four issues for our consideration on appeal:

1. Does the evidence sufficiently support the jury verdict of guilty?

2. Was there a justifiable reason for the defendant to threaten the use of force?

3. Did the defendant "use" his weapon?

4. Did the State prove the appellant acted with an appropriate mental state?

## Sufficiency of the evidence.

Crabb asserts the evidence presented at trial does not support the verdict. As to this particular issue, Crabb makes no additional specific claims as to why the evidence is insufficient. In considering whether the evidence is sufficient to support a conviction for a criminal offense we will look to the following standard of review as stated in Jackson v. Virginia (1979), 443 U.S. 307, 318, 319, 99 S.Ct. 2781, 2788, 2789, 61 L.Ed.2d 560, 573:

> [T]he sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.

> But this inquiry does not require a court to "ask itself whether it believes whether the evidence at the trial established guilt beyond a reasonable doubt." Woodby v. INS, 385 US, at 282, 17 L Ed 2d 362, 87 S Ct 483 . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Johnson v. Louisiana, 406 US, at 362, 32 L Ed 2d 152, 92 S Ct 1620. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. (Emphasis in original.)

See, State v. Lundblade (Mont. 1986), 717 P.2d 575, 577, 43 St.Rep. 732, 733, 734. In reviewing the record we find there is sufficient evidence upon which a rational trier of fact

4

could conclude that the defendant was guilty of felony assault as specified in § 45-5-202(2)(b), MCA.

## Use of force.

Crabb contends he was merely using a reasonable threat of force to protect himself and his property. Specifically, Crabb relies on three statutes which state, in pertinent part:

> 45-3-102. Use of force in defense of person. A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force . . .

> 45-3-103. Use of force in defense of occupied structure. A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other's unlawful entry into or attack upon an occupied structure . . .

> 45-3-104. Use of force in defense of other property. A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other's trespass on or other tortious or criminal interference with either real property (other than an occupied structure) or personal property lawfully in his possession or in the possession of another who is a member of his immediate family or household or of a person whose property he has a legal duty to protect . . .

5

Crabb states that all three statutes gave him the authority to threaten the use of force because he reasonably believed the threat was necessary to protect himself, the Inn, and his other property.

All three statutes require that the party implementing the threat of force "reasonably believe" that such action is necessary. Determining whether such a reasonable belief existed is necessarily a factual determination which belonged to the jury. See, State v. Larson (1978), 175 Mont. 395, 400, 401, 574 P.2d 266, 269 (determining whether the circumstances were such that defendant was justified in shooting another is a question of fact for the jury). The jury was instructed as to all three of the above statutes addressing the justifiable use of force and still decided Crabb was guilty of felony assault. Therefore, the jury has made a factual determination that it was not reasonable for Crabb to believe such a threat of force was necessary. After a careful review of the record, we find there was sufficient evidence for such a finding.

Crabb goes to great lengths to argue that he had the right to use the threat of force to eject Howard and Nead because they were committing a criminal trespass. One commits a criminal trespass in Montana if he "knowingly enters or remains unlawfully in an occupied structure . . ." Section 45-6-203(1)(a), MCA. "A person enters or remains unlawfully in or upon any . . . occupied structure . . . when he is not licensed, invited or otherwise privileged to do so . . . [and the privilege] may be revoked at any time by personal communication of notice by the landowner." Section 45-6-201(1), MCA. The criminal trespass statute is designed to prohibit both the situation where one enters onto property

6

knowing that entry is forbidden, as well as the situation where one remains on the premises of another after being notified to depart. Crabb cannot argue that the initial entry by Howard and Nead was a criminal trespass because, despite the late hour, the Inn was open for receiving business at the time of their entry. Instead, Crabb's trespass argument must depend on the assertion that he commanded them to leave and they refused to do so. Under these facts, Crabb would have been justified in using a threat of force to the extent he reasonably believed such conduct was necessary to terminate the criminal trespass. Section 45-3-103, MCA. However, as we have already noted, this statute requires the reasonable belief that such force is necessary and the jury failed to find such a reasonable belief. Additionally, there was evidence allowing the jury to conclude that Howard and Nead had not achieved the status of trespassers. Although Crabb testified he commanded them to leave, he also testified he allowed them one-half hour to load Donahue's property and vacate the premises. Howard's testimony indicated that Crabb did not tell them to leave the premises until long after the confrontation involving the weapon. We conclude there was sufficient evidence from which the jury could find that Howard and Nead were not trespassers.

Finally, Crabb contends he has the right to be "more protective of himself" because he was in an isolated situation in Cooke City. Evidence at trial demonstrated there is no full time law enforcement agency in Cooke City and that the nearest Park County deputy sheriff is usually some distance away. We concede that such an isolated situation may more often result in facts which allow the

7

justifiable use of force or threat of force. However, Crabb has no additional rights to defend himself or his property simply because he resides in an isolated area. The laws governing the justifiable use of force or threat of force obviously remain the same throughout the state and control an individual's actions wherever he resides in the state.

## "Use" of a weapon.

Section 45-5-202(2)(b), MCA, provides that "a person commits the offense of felony assault if he purposely or knowingly causes reasonable apprehension of serious bodily injury in another by use of a weapon . . ." This is the provision under which Crabb was charged and convicted. Crabb contends he did not actually "use" his revolver. Crabb states there is no claim that the weapon was ever fired and concludes one does not "use" a weapon unless it is fired or used as a club. Therefore, Crabb argues that the State failed to prove a necessary element of the offense.

In viewing the evidence in the light most favorable to the prosecution, that evidence demonstrates that Crabb purposely or knowingly pointed a loaded .44 magnum revolver with an eight inch barrel at Howard's face from a distance of approximately six feet and threatened to kill Howard. It is ludicrous for Crabb's counsel to argue that such an action does not qualify as the "use" of a weapon causing a reasonable apprehension of serious bodily injury.

Crabb's counsel contends that it would have been more appropriate to charge Crabb with misdemeanor assault. We recognize that under a different factual situation the mere pointing of a firearm in the direction of another might be more properly charged as a misdemeanor assault. The

statutory provision of misdemeanor assault makes this obvious because it provides, in part:

> (1) A person commits the offense of assault if he:
>
> . . .
>
> (d) purposely or knowingly causes reasonable apprehension of bodily injury in another. The purpose to cause reasonable apprehension or the knowledge that reasonable apprehension would be caused shall be presumed in any case in which a person knowingly points a firearm at or in the direction of another, whether or not the offender believes the firearm to be loaded.

Section 45-5-201(1)(d), MCA. However, it is too large a leap in logic to say that this is the only provision which speaks to such conduct. The statute does not make it exclusive. More importantly, § 45-5-201(1)(d), MCA, and § 45-5-202(2)(b), MCA, address differing conduct and require differing elements of proof. Section 45-5-201(1)(d), MCA, addresses the reasonable apprehension of bodily injury, as opposed to the reasonable apprehension of serious bodily injury which is addressed by § 45-5-202(2)(b), MCA. The statutory terms of "serious bodily injury" and "bodily injury" carry drastically different definitions. Compare, § 45-2-101(5) and (59), MCA. Under the facts of this case, there is sufficient evidence to support the proposition that Crabb purposely or knowingly used a weapon to cause a reasonable apprehension of serious bodily injury, and it was therefore appropriate to charge Crabb with felony assault.

<u>Mental state.</u>

Crabb asserts that even assuming he committed the alleged act, he did so without any criminal intent or mental

state. Counsel for Crabb is effectively asserting that Crabb cannot be convicted of this charge without a "bad mens rea" or a specific intent to commit the crime. However, Crabb's counsel is ignoring the fact that these concepts of mental state were replaced long ago. See, State v. Klein (1976), 169 Mont. 350, 356, 547 P.2d 75, 78. The statute under which Crabb was charged and convicted requires a mental state of "purposely" or "knowingly." See, §§ 45-2-101(58) and (33), MCA. The concepts of specific intent and bad mens rea are irrelevant under this statute and the current Montana criminal code. There is certainly sufficient evidence in the record for the jury to have inferred that Crabb acted purposely or knowingly.

For the foregoing reasons the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices