### CASSIDY *et al. v.* FONTHAM.

*(Common Pleas of New York City and County, General Term.* April 20, 1891.)

1. CONSTRUCTION OF CONTRACT—EVIDENCE.

By a contract in writing, M. agreed "to furnish all materials and labor for plumbing" in certain houses. *Held* that, on the question whether he was bound to furnish ranges required in the houses, testimony of persons engaged in the plumbing trade, that furnishing and setting up ranges was not within the contract, was admissible.

2. SAME—PAROL EVIDENCE.

On such question, testimony of M. that it was distinctly agreed that he was not to furnish the ranges was admissible, the contract being ambiguous on that point.

3. SAME—EXTRA LABOR AND MATERIAL.
    In support of a claim for extra work caused by changes in the plans and specifica-
tions of plumbing work done by M. under a contract, he testified to an express or-
der for each item of the extra work. *Held*, that this was sufficient to sustain the
finding of a referee in favor of the claim, although M. testified, on cross-examina-
tion, that without these extras the houses would not have been well plumbed, as
this did not show that they were necessary to the completion of his contract.

4. APPEAL—OBJECTIONS NOT RAISED BELOW.
    In support of a claim for extra work, additional to that required by a contract for
plumbing in certain houses, plaintiffs were allowed to give evidence of changes
from the specifications. *Held*, that an objection that, at that time, the specifications
had not been put in evidence, not made at the trial, could not be considered on ap-
peal.

5. SAME.
    The denial of a motion to dismiss the complaint cannot be held error, on appeal,
for failure to prove a certain fact, where no such ground of motion appears in the
case, and the point was not taken or the fact questioned at the trial.

6. MECHANIC'S LIEN—EVIDENCE.
    Under Laws N. Y. 1885, c. 342, § 1, giving mechanics, etc., a lien for the "price
and values" of labor and material upon a house, etc., such price and value may be
proved by evidence of a contract for the labor and material at a price named there-
in, and of the value of extra work.

7. PERFORMANCE OF CONTRACT—EXTRA WORK.
    A contract "to furnish all materials and labor for plumbing" in certain houses, at
a certain price, does not preclude a recovery by the contractor for extra work or
expenses caused by changes made by the owner in the plans and specifications.

8. APPEAL—RULINGS ON EVIDENCE—HARMLESS ERROR.
    The improper admission of testimony to a custom of the trade, on a question of
the meaning of a contract for certain work, is not cause for reversal on appeal,
where such testimony evidently had no effect on the decision of the referee.

9. SAME—REVIEW OF EVIDENCE.
    Where the case on appeal from a judgment on a trial by a referee does not show
that it contains all the evidence, an objection that a finding by the referee is un-
supported by evidence cannot be considered.

Appeal from judgment on report of referee.

Action by Patrick Cassidy and I. Richard Adler against Charles F. Font-
ham. Defendant appeals from a judgment for plaintiffs on trial by a referee.
Laws N. Y. 1885, c. 342, § 1, provides that any person performing any labor
or service, or furnishing any materials, to be used in erecting, altering, or
repairing any house, etc., with the consent of the owner, etc., may, upon
filing the notice of lien prescribed, "have a lien for the principal and interest
of the price and value of such labor and material upon such house," etc.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Thomas Stevenson*, for appellant. *Thomas C. Ennever*, for respondents.

DALY, C. J. This is an appeal by the defendant, Fontham, from a judg-
ment in favor of plaintiffs in an action to foreclose a mechanic's lien for
$983, the claim being for $585 balance of contract, and $398 for extra work.
The referee allowed the whole balance on the contract, and $333 for the ex-
tra work. The contract was as follows:

"NEW YORK, May 28, 1889.

"Agreement made between Chas. Fontham, owner, and Charles Missall,
plumber. The second party hereby agrees to furnish all materials and labor
for plumbing and gas fitting in 2 houses No. — W. 59th St., except sewer in
cellar, tank on roof, wash-tubs, gas fixtures, for the sum of twenty-seven
hundred dollars. Payments:

| | |
|---|---:|
| When gas fitting is done, | $250 |
| All rough work in, | 500 |
| Rough work is passed by inspector, | 250 |
| Fixtures and lead pipe in position, | 500 |
| During the progress of work, | 500 |
| Finished and passed by the board of health, | 700 |

"CHARLES MISSALL.
"CHARLES F. FONTHAM."

Missall filed a lien, and afterwards assigned the claim in lien to plaintiffs.

The chief dispute in this action was whether the plumber, under his contract to furnish "all materials and labor for plumbing," was bound to furnish 20 ranges, required in the said houses, and which were of the value of $400. He was not required to do so unless ranges were material for plumbing, or the setting of ranges was labor for plumbing. Whether they were or not depended upon the testimony of persons engaged in the plumbing trade, or in the business of plumbing; no other person could say from reading the contract whether the furnishing and setting up of ranges were included in it. The referee, therefore, properly allowed evidence of experts upon this point, and there was practically no disagreement among them; for they all testified, in effect, that ranges were not plumbing materials. The defendant claimed, however, that they were included in the contract of Missall, because they were inserted in the specifications for plumbing and drainage approved by the board of health, and shown to Missall by defendant before he made his contract. No reference to the specifications appears in the contract, and Missall swore that it was distinctly agreed that he was not to furnish the ranges. This testimony was objected to by the defendant, on the ground that it tended to vary the plaintiffs' written contract. The objection was not well taken. The contract, by its terms, was left indefinite, uncertain, or ambiguous on this point, and was explained, and not varied, by the testimony. The rule that excludes oral testimony to contradict or vary the terms of a written instrument is directed against evidence that would add other words to it, or substitute other words in its stead, but does not apply where there is any uncertainty as to the object or extent of the engagement of the parties, or where the meaning of the terms employed is technical, in which case the testimony of experts is admissible to explain it. 1 Greenl. Ev. §§ 275–280. Verbal testimony must be resorted to to ascertain the nature of the subject to which the instrument refers. Id. 286. In the term "subject" in this connection is included everything to which the instrument relates. Phil. & Amos, Ev. 732, note. Thus where certain premises were leased, including a yard described by metes and bounds, and the question was whether a cellar under the yard was or was not included in the lease, verbal evidence was held admissible to show that at the time of the lease the cellar was in the occupancy of another tenant, and therefore it could not have been intended that it should pass by the lease. So where a house or a mill or a factory is conveyed *eo nomine*, and the question is as to what was part and parcel thereof, and so passed by the deed, parol evidence on this point is admitted. Conversations between the parties at the time of making a contract are competent evidence as a part of the *res gestæ* to show the sense which they attached to a particular term used in the contract, but verbal agreements preceding the contract would be inadmissible. *Dent* v. *Steam-Ship Co.*, 49 N. Y. 390. The defendant contradicted Missall on this point, and said he told him he would have to furnish the ranges, but the referee found that Fontham told Missall, or agreed during the negotiations for the contract, that he would not be required to furnish the ranges, and there does not appear to be any reason for disturbing his finding.

As to the extra work, it appears that after the contract was made the defendant made certain alterations in the location of the bath-tubs and wash-basins in the said houses, so that it became necessary to put in an additional line of water-pipe and an additional line of vent-pipe in each house, which Missall furnished, and the net value of the work was $160. Missall also put in and fitted up, at defendant's request, an extra wash-tray in each apartment, 20 in all, at a cost of $100; also the large sinks and sink-backs, at a cost of $32. Changes of plan and specifications with respect to the tank and pump, made by the defendant, required a change of connections, which he requested Missall to make, and which the latter did make, at a cost of $40. This made

up the sum of $333 allowed for extra work by the referee. An express order for each item of this extra work was proved by Missall's own oath. The defendant claims that the findings are unsupported by evidence, or that the testimony is unjustly distorted. This does not appear to be the case. The proof is clear and straightforward. It is urged, however, that Missall testified that these things were necessary to the completion of his contract, but this is rather a distortion of what he did swear to. What he stated on cross-examination was that without these different extras the houses would not have been well plumbed,—a different thing, and doubtless the reason why the extras were ordered by defendant.

The defendant claims that there was error in plaintiffs' being allowed to give evidence as to the changes from the specifications made by defendant, on the ground that when this evidence was first elicited the specifications had not been put in evidence. This was not the ground of the objection made at the trial; if it had been, it could easily have been obviated. The position then taken was, apparently, that no reference could be had to any other paper than the contract. Such an objection was not good, because the specifications were material to show what the contract called for and what was extra or additional work.

It is claimed that there was error in denying the motion to dismiss the complaint, because the plaintiffs had not shown when they rested that the work had been passed by the board of health. No such ground of motion appears in the case, and no point of that kind was taken at the trial; probably for the reason that no one questioned the fact, the defendant himself testifying: "I know that the board of health do not permit people to occupy a house until the house has been inspected and passed, and my house has been occupied by tenants, and I did not let anybody in there in any part unless the plumbing had been passed."

The plaintiffs before resting had proved the performance of their whole contract, together with the modifications and additions authorized by the defendant, which formed the basis of the claim for extra work. They had therefore proved themselves entitled to the whole contract price, and to specific extra sums in amount far greater than the referee ultimately allowed them. There was no harm, therefore, in denying the motion to dismiss the complaint.

Exception is taken to the plaintiffs' being allowed, on the examination of the defendant, to ask him what was said about the ranges at the date of the signing of the contract, and also to the plaintiffs being allowed to give their testimony in contradiction. The point involved in these exceptions has been already disposed of. The inquiry was proper to ascertain the intention of the parties and explain their contract. There is no force in the objection that, having first examined the defendant upon this subject, the plaintiffs are bound by his answers.

The point is made that no proof was given of the price or value of the work and labor for which the plaintiffs claim, as required by the mechanic's lien act. The plaintiffs had proved the price or value of their work when they proved the contract, and the price named in it, and the value of the extra work. The claim that the plaintiffs, by the terms of their contract, were to do all the plumbing work in their houses for the contract price, because their contract was to furnish all materials and labor for plumbing, and therefore they cannot recover for any extra work or expenses caused by defendant's changes in the plans or specifications, is wholly untenable. The exceptions to the admissions of testimony by competent witnesses, as to whether ranges were plumbing material or not, has been already disposed of. A witness was asked whether there was a custom of the plumbing trade, when specifications included ranges, for the plumber to furnish and put up the ranges. He was allowed to answer, and stated that the custom was that the parties were gen-

erally governed by the specifications; but in making the contract it should be stated that the ranges are to be furnished, and if not so stated, in the witness' opinion, the plumber was not obliged to furnish them. The evidence of custom was not proper, but the testimony of the witness amounted to more than his personal opinion on the subject, and would undoubtedly have been stricken out on motion; but the testimony was allowed to stand, and, in answer to the next question, the witness testified that ranges were never plumbers' materials. This latter testimony was material, and was evidently all that was considered by the referee. No finding of custom was made, and the testimony of custom had evidently no effect upon his decision, which was placed solely on the grounds —*First,* that ranges were not plumbing materials; and, *second,* that the defendant excepted the ranges from the items enumerated in the specifications.

No other exceptions require comment. The exceptions to the findings are untenable. There is ample evidence to support them, and the conclusions of law follow logically. The refusals to find do not require consideration, as they are refusals to find facts and conclusions wholly at variance with other findings of the referee which the evidence justified. There is an item of extra work which the referee allowed at the sum of $12, namely, sink-backs, which it is claimed is unsupported by the evidence. As there is no statement that the case contains all the evidence, we cannot consider that objection. The judgment should be affirmed, with costs. All concur.