No. 86-465

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

STATE OF MONTANA,

          Plaintiff and Respondent,

   -vs-

RICKY D. SCHEFFELMAN, and TERRIE
LYNN SCHEFFELMAN,

          Defendants and Appellants.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
           In and for the County of Yellowstone,
           The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Richard J. Carstensen, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Dorothy McCarter, Asst. Atty. General, Helena
        Harold Hanser, County Attorney, Billings, Montana

_____

Submitted on Briefs: Dec. 18, 1986

Decided: February 24, 1987

Filed: **FEB 24 1987**

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Scheffelmans appeal from their convictions of felony possession of dangerous drugs and misdemeanor possession of drug paraphernalia in the District Court for the Thirteenth Judicial District, Yellowstone County. We affirm.

The issues are:

1. Was the State's notice of intent to seek increased punishment properly allowed?

2. Were the defendants' motions for mistrial properly denied?

3. Does the evidence support Terrie Scheffelman's conviction of possession of drug paraphernalia?

4. Should the defendants' felony convictions have been reduced to misdemeanor convictions?

5. Are instructions number 6 and 7 (on mental state) constitutional?

Ricky and Terrie Scheffelman are husband and wife. In January of 1986, the Scheffelmans hosted a New Year's party which lasted several days. Marijuana was admittedly consumed at the party.

On January 9, 1986, the Billings police executed a search warrant on the Scheffelmans' house. In the house, police officers found 3 bags of marijuana weighing 61.55 grams, 43.23 grams, and 7.69 grams. They also found pipes, scales, roaches and nonprescription drugs. Ricky, who was home at the time, was arrested as he fled from the back of the house. Terrie was working at the time of the search. She was later brought to her home and arrested. Ricky made a statement to the police shortly after his arrest. In the statement, he admitted possession of marijuana, but denied that all the drugs in the house belonged to him.

The Scheffelmans pled not guilty and a trial was scheduled for April 7, 1986. An omnibus hearing was held March 28, 1986. No mention was made at the hearing of an intent to seek increased punishment for Ricky Scheffelman. A notice of intent to seek increased punishment was filed by the State on April 1, 1986.

Defendants testified at trial that much of the marijuana and drug paraphernalia in their house had been left by friends after the New Year's party. Terrie stated that the scales were used to weigh Christmas packages, although Rickie admitted using them to weigh marijuana. They each testified that they jointly purchased a quarter pound of marijuana every month or two for their personal use.

Defendants were convicted by a jury after a two-day trial. Ricky was sentenced to 5 years and is currently in the Montana State Prison. Terrie received a two year deferred sentence. They appeal.

I

Was the State's notice of intent to seek increased punishment properly allowed?

The defendants challenge the timeliness of the State's notice of intent to seek increased punishment for Ricky Scheffelman under the persistent offender statute, § 46-18-503, MCA. Defendants argue that notice should have been given before or at the pretrial omnibus hearing, which was held on March 28, 1986. Notice of intent to seek increased punishment was given April 1, 1986.

Section 46-18-503(1), MCA, requires:

> If the state seeks treatment of the accused as a persistent felony offender under 46-18-502, notice of that fact must be given in writing to the accused or his attorney before the entry of a plea of guilty by the accused or before the case is called for trial upon a plea of not guilty.

3

This Court has held that the State can give notice to a defendant who has pled not guilty at any point prior to the moment trial begins. State v. Johnson (1978), 179 Mont. 61, 70, 585 P.2d 1328, 1333. Since trial of this case began on April 7, 1986, there has been no violation of the notice requirement on its face.

The defense nevertheless asserts that because the omnibus order did not refer to notice of intention to seek increased punishment, the State should be precluded from later issuing such a notice. However, as the State points out, the omnibus order form contained no place to record whether such notice was or was not intended to be given. Also, nothing in § 46-18-503(1), MCA, precludes the State from giving notice after the omnibus hearing, as long as it is still before the trial. We conclude that the lower court properly allowed the State's notice of intent to seek increased punishment.

II

Were the defendants' motions for mistrial properly denied?

A mistrial is properly declared when, taking all the circumstances into consideration, there is a manifest necessity to do so. State v. Close (Mont. 1981), 623 P.2d 940, 945, 38 St.Rep. 177, 183, citing United States v. Perez (1824), 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165. This Court's review of a denial of a mistrial is limited to whether the district court abused its discretion. Close, 623 P.2d at 946.

The defense contends that twice during trial its motions for mistrial should have been granted. The first time was during examination of a forensic scientist who conducted analyses of items seized at the Scheffelman home. At the close of direct examination, counsel for the State handed the witness a list of all of the items on which the witness had

performed analysis reports. The list included several items on which evidence was inadmissible, because the analyses had shown the items (a syringe and its contents) were not controlled substances. After having the witness identify the document, counsel for the State made the following statement to the court concerning the exhibit:

> Your Honor, I am not going to offer this. I wonder if the Defendant asks a number of questions from it, and I will let him, if he chooses to offer it, he certainly may.

The defense says this was an impermissible reference to inadmissible evidence.

There is no indication that the exhibit was ever shown to the jury or that the test results on the inadmissible evidence were otherwise revealed to the jury. We conclude that there is nothing whatever to indicate that the jury was informed of inadmissible evidence with the above statement. We hold that the District Court did not abuse its discretion in denying the defense's motion for a mistrial.

The second time the defense claims it should have been granted a mistrial was during Terrie Scheffelman's testimony. She testified under questioning by the State that she had been in possession of a quarter pound of marijuana two or three weeks before the date stated in the information. The State's attorney then said:

> I guess I am kind of at a loss. I think the witness has just made a full confession to the offense. And all she said is that the time is not applied correctly on the information. And I will change the time on the information to reflect the actual fact and accept a plea at this point based on the confession.

The defense says this statement was highly prejudicial and because of its effect on the jury, a mistrial was required.

While the statement of the State's attorney was unusual, it did not expand upon the testimony of Terrie Scheffelman that she had a quarter pound of marijuana two to three weeks prior to the arrest, except to request to amend the information to show a different date of possession. The motion to amend was denied. We conclude that the District Court was within the bounds of its discretion in concluding that the jury's hearing of the State's motion to amend does not constitute manifest necessity for a new trial.

III

Does the evidence support Terrie Scheffelman's conviction of possession of drug paraphernalia?

The drug paraphernalia listed in the information filed against the Scheffelmans were a hash pipe, a glass water pipe, and O'Haus scales. The defense contends that there was no evidence proving knowing possession of these items on the part of Terrie Scheffelman.

Possession of contraband may be either actual or constructive. Constructive possession occurs when a person either has control or a right to control the item. State v. Meader (1979), 184 Mont. 32, 42-43, 601 P.2d 386, 392. On appeal, this Court will affirm the jury's verdict on possession if the circumstances reasonably justify the verdict. Meader, 601 P.2d at 392.

In Meader, the defendant was convicted of possession of dangerous drugs found in a residence in which he was staying, but which he neither owned nor leased. Since there was evidence showing that the defendant had dominion and control over the house, the jury's finding that he had possession of the drugs in the residence was affirmed. Meader, 601 P.2d at 392. In the present case, Terrie Scheffelman was undisputedly a co-owner of the house in which the drug paraphernalia were found. Ricky Scheffelman testified that the

6

pipes had been in the home for several days, since the New Year's party. The pipes were found on a shelf in the bathroom used by both defendants, and immediately below exclusively feminine items. The jury viewed exhibit No. 18, a photograph of the pipes on the shelf where they were found. Terrie Scheffelman admitted that the O'Haus scales were hers. We conclude that there was ample evidence for the jury to find that Terrie Scheffelman had constructive possession of drug paraphernalia.

IV

Should the defendants' felony convictions have been reduced to misdemeanor convictions?

The quantity of drugs involved in this matter is not sufficient to support felony charges against both defendants, they argue. They say that to support such charges, it must be proven that each one of them possessed in excess of sixty grams of marijuana. They claim the total amount of marijuana seized was less than 120 grams when weight of seeds and stems is subtracted.

It has long been the law in Montana that a controlled substance can be possessed jointly by two persons. See State v. Trowbridge (1971), 157 Mont. 527, 487 P.2d 530. Where the controlled substance is found in a place subject to the joint dominion and control of two defendants, possession may be imputed to both defendants. Meader, 601 P.2d at 392.

In the present case, the marijuana was located in a pantry and in a stoneware glass on the television. Both defendants testified that they knew where the marijuana was, and that they used it personally. After subtracting for estimated weight of seeds and stems, the total amount of marijuana seized was somewhere between 100 and 120 grams, well over the 60 gram felony weight. We conclude that there

7

is sufficient evidence to support the jury's finding of felony possession on the part of both defendants.

V

Are instructions number 6 and 7 (on mental state) constitutional?

The questioned jury instructions contain the statutory definitions of "knowingly" and "purposefully". Defendants contend these instructions do not meet the requirement of proof of intent beyond a reasonable doubt. The defendants have failed to support their argument to any significant degree. We affirm the use of these statutory definitions in jury instructions, as this Court has done before. See, e.g., State v. Coleman (1979), 185 Mont. 299, 399, 605 P.2d 1000, 1054-55, State v. Klein (1976), 169 Mont. 350, 356-57, 547 P.2d 75, 78.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices