No. 05-583

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 260N

STATE OF MONTANA,

          Plaintiff and Respondent,

    v.

GABRIEL ROY CHEATAM,
a/k/a GABRIEL ROY SHELL and
GABRIEL ROY SNELL,

          Defendant and Appellant.

APPEAL FROM:    The District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause DC 04-115,
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Randy H. Randolph, Attorney at Law, Havre, Montana

       For Respondent:

          Honorable Mike McGrath, Attorney General; Joslyn M. Hunt,
          Assistant Attorney General, Helena, Montana

          Cyndee L. Peterson, County Attorney, Havre, Montana

               Submitted on Briefs: July 26, 2006

                   Decided:   October 10, 2006

Filed:

                                     
                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Gabriel Roy Cheatam (Cheatam) appeals from the judgment of the Twelfth Judicial District Court, Hill County. We affirm.

¶3 This action arises out of Cheatam's driving under the influence (DUI) arrest on August 14, 2004. Cheatam was also charged with threats in official matters, a felony, in violation of § 45-7-102(1)(a)(iii), MCA, for allegedly threatening harm to Havre Police Officer Aaron Wittmer (Officer Wittmer), with the purpose of influencing him to violate his duties as a police officer, during the course of the DUI investigation. Cheatam pled not guilty to the charge. On February 1, 2005, Cheatam filed a motion to dismiss, arguing that the State had not alleged facts sufficient to charge him with the felony violation pursuant to § 45-7-102, MCA. The District Court denied the motion. On March 29, 2005, a jury found Cheatam guilty of the offense of threats in official matters in violation of § 45-7-102(1)(a)(iii), MCA. The District Court sentenced Cheatam to Montana State Prison for five years, crediting him for 154 days previously served and

2

designating him a persistent felony offender. As such, he was committed to Montana State Prison for an additional five years. Cheatam filed a timely notice of appeal.

¶4 Cheatam argues that the District Court erred in denying his motion to dismiss, that the verdict was not supported by sufficient evidence, and that the District Court erred in denying his proposed jury instruction regarding disorderly conduct as a lesser included offense. We review a district court's grant or denial of a motion to dismiss *de novo*. *State v. Mallak*, 2005 MT 49, ¶ 13, 326 Mont. 165, ¶ 13, 109 P.3d 209, ¶ 13. "Our standard of review is plenary, and we determine whether a district court's conclusion is correct." *Mallak*, ¶ 13. "We review the sufficiency of evidence to support a verdict to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Debus*, 2002 MT 307, ¶ 15, 313 Mont. 57, ¶ 15, 59 P.3d 1154, ¶ 15. We review jury instructions in a criminal case as a whole to determine whether they fully and fairly present the law to the jury. *State v. Earl*, 2003 MT 158, ¶ 22, 316 Mont. 263, ¶ 22, 71 P.3d 1201, ¶ 22.

¶5 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District

3

Court. From a review of the statutory elements of the crime, the offense was properly charged, the jury was properly instructed, and disorderly conduct is not a lesser-included offense thereof.

¶6     We affirm the judgment of the District Court.


                                                    /S/ JIM RICE


We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

4