Justice James Jeremiah Shea delivered the Opinion of the Court.
***353 ¶1 Defendant Zachary Tucker Martin appeals from the sentence and judgment of the Thirteenth Judicial District Court, Yellowstone County, designating him a repeat persistent felony offender (PFO) and sentencing him under the requirements of § 46-18-502(2), MCA.
¶2 We address the following issue on appeal:
Whether the District Court erred by sentencing Martin as a repeat persistent felony offender under § 46-18-502(2), MCA.
We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 Following an incident on June 19, 2016, the State charged Martin with: (1) robbery by accountability, a felony in violation of § 45-5-401(1)(a), MCA ; (2) assault with a weapon, a felony in violation of § 45-5-213(1)(b), MCA ; and (3) three misdemeanor offenses.
*75 ¶4 On July 11, 2016, the State filed a Notice that it would seek treatment of Martin as a PFO upon conviction. The State's Notice stated:
Please take notice pursuant to § 46-13-108, [MCA,] that the State of Montana will seek treatment of [Martin] as a [PFO] as provided in § 46-18-501 et seq., [MCA ].... The previous felony conviction [criminal possession of dangerous drugs] detailed in the Notice ***354 meets the definition required in § 46-18-501, [MCA ].[1]
The Notice did not indicate whether the State would seek sentencing under § 46-18-502(1), MCA, or § 46-18-502(2), MCA. The Notice did not explicitly state that Martin was designated a PFO in his 2012 conviction for criminal possession of dangerous drugs (DC 11 - 0146). However, the State attached the Judgment in Martin's 2012 conviction to the Notice. The Judgment ordered that Martin be "designated as a [PFO] for sentencing under § 46-18-501 and § 46-18-502, MCA." At the omnibus hearing, Martin did not challenge the applicability, validity, or accuracy of the 2012 conviction or the PFO designation with that conviction.
¶5 On December 23, 2016, the District Court held a change-of-plea hearing. Martin pled guilty to robbery by accountability and assault with a weapon. As part of the plea agreement, Martin admitted that his guilty plea established a violation of the conditions of his sentence in another case, DC 07-0491. The State agreed to dismiss the three misdemeanor charges in the present case and a pending felony charge in another case (DC 16-1208). The State recommended a ten-year sentence on the robbery count and a ten-year sentence on the assault count, with five years suspended, for a total of twenty years with five years suspended.
¶6 During the hearing, the District Court instructed Martin that if he were to be designated a PFO on the counts of robbery by accountability and assault with a weapon, Martin would be sentenced to a "minimum [of] five years in prison up to 100 years in prison...." Later, the District Court referred to the robbery by accountability charge, saying, "you are a PFO on that...." Martin's counsel acknowledged, "this plea agreement contemplates him being designated a persistent felon.... we've had extensive discussions about the subsequent [PFO] designation that he would be subject to...." The District Court then accepted Martin's guilty plea.
¶7 Following the change-of-plea hearing, Martin was released on bond but twice violated the conditions of his release. As a result, on May 30, 2017, the District Court held a revocation hearing to ***355 determine whether Martin's previous sentence should be revoked.[2] After determining that revocation was proper, the District Court held a disposition hearing and resentenced Martin. The State revised its sentencing recommendation in DC 16-0639 to fifteen years for the robbery by accountability charge and fifteen years for the assault charge, for a total of thirty years with no time suspended. Martin requested a total sentence of twenty years in DC 16-0639 and for his probation violation sentence in DC 07-0491 to run concurrently.
¶8 After the parties made their sentencing recommendations, the District Court told Martin:
[Y]ou have been designated as a [PFO] in this case. There was no objection raised to the [PFO] status. I note that in our previous case, DC [11 - 0146 in 2012], you were designated and sentenced as a [PFO] in that case ... therefore, pursuant to § 46-18-501 and -502, [MCA,] you must be sentenced as a [repeat] persistent felony offender, which requires a mandatory minimum of [ten] years on each particular count, and those must run consecutive to any other cases.
*76 ¶9 Martin objected to being sentenced as a repeat PFO. Martin argued the State failed to provide notice that it would seek that designation, and that based on the State's previous recommendation of five years, the State must have assumed Martin was a "single PFO," not a repeat PFO. Martin requested the District Court sentence him as "a single PFO, understanding that does not limit what the [District] Court may well do in terms of sentence."
¶10 The District Court disagreed, concluding that the State provided Martin with sufficient notice that he was a PFO. The District Court further concluded that under the PFO sentencing statute, § 46-18-502(2), (4), MCA, it did not have discretion to sentence Martin to less than ten years for each felony, and it could not allow the probation violation sentence to run concurrently. After determining that the State's sentencing recommendation was appropriate given the circumstances of the case, the District Court sentenced Martin in DC 16-0639 to the Montana State Prison for fifteen years for the count of robbery by accountability and fifteen years for the count of assault with a weapon, to run consecutively to the robbery count, with credit for time served, for a total of thirty years. Additionally, the District Court sentenced Martin to three years suspended for the probation violation ***356 in DC 07-0491, to run consecutively to the thirty-year sentence.
¶11 On July 5, 2017, the District Court issued its written judgment, in which it designated Martin a "Subsequent Persistent Felony Offender" under §§ 46-18-501, -502, MCA, for purposes of sentencing.
STANDARDS OF REVIEW
¶12 This Court reviews for legality sentences beyond one year of incarceration. State v. Hornstein , 2010 MT 75, ¶ 9, 356 Mont. 14, 229 P.3d 1206 (citing State v. Ariegwe , 2007 MT 204, ¶ 174, 338 Mont. 442, 167 P.3d 815 ). This Court's review for legality is limited to determining whether "the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes." Ariegwe , ¶ 174 (citations omitted). Whether a sentence is legal is a question of law, which we review de novo for correctness. Ariegwe , ¶¶ 174-75. A sentence is legal if it falls within statutory parameters and is constitutional. State v. Kotwicki , 2007 MT 17, ¶¶ 13, 19, 335 Mont. 344, 151 P.3d 892 (citing State v. Garrymore , 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946 ).
DISCUSSION
¶13 Whether the District Court erred by sentencing Martin as a repeat persistent felony offender under § 46-18-502(2), MCA.
¶14 The PFO statutes provide the procedural requirements and substantive basis for implementing PFO sanctions. State v. Radi , 176 Mont. 451, 466-68, 578 P.2d 1169, 1178-80 (1978) (citing to the predecessors of §§ 46-13-108, 46-18-502, MCA ). A PFO is an offender who has previously been convicted of a felony, who is presently being sentenced for a second felony committed on a different occasion within five years of the previous felony or within five years of the "offender's release on parole or otherwise from prison or other commitment imposed as a result of the previous felony conviction," and who has not been pardoned or had his conviction set aside. Section 46-18-501, MCA.[3] A district *77 court may designate and sentence a PFO pursuant to ***357 § 46-18-502, MCA, when the underlying charges meet the definition of a felony, and the State has provided proper notice under § 46-13-108, MCA, of its intent to seek PFO status. State v. Damon , 2005 MT 218, ¶¶ 37, 39, 328 Mont. 276, 119 P.3d 1194 (citing State v. Yorek , 2002 MT 74, ¶ 18, 309 Mont. 238, 45 P.3d 872 ).
¶15 Section 46-13-108, MCA, provides in relevant part:
(1) Except for good cause shown, if the prosecution seeks treatment of the accused as a persistent felony offender, notice of that fact must be given at or before the omnibus hearing....
(2) The notice must specify the alleged prior convictions and may not be made known to the jury before the verdict is returned except as allowed by the Montana Rules of Evidence.
Section 46-13-108, MCA. (Emphasis added.) Thus, in order to seek a PFO designation, the State must notify the accused that it plans to seek treatment of the accused as a PFO, the notice must specify the alleged prior convictions that form the basis for the PFO designation, and the notice must be made in a timely manner. Section 46-13-108, MCA ; State v. Scheffelman , 225 Mont. 408, 410-11, 733 P.2d 348, 350 (1987) (citing to the predecessor of § 46-13-108, MCA ).
¶16 "[T]he PFO notice requirement serves primarily to notify the defendant of the prosecutor's intent with respect to seeking a particular sentence," State v. Dist. Ct. of the Eighteenth Jud. Dist. , 2010 MT 263, ¶ 43, 358 Mont. 325, 246 P.3d 415, to provide the defendant with an opportunity to file an objection to the criminal record relied upon in the notice, and to hold a hearing to any such objections, State v. Minez , 2003 MT 344, ¶ 39, 318 Mont. 478, 82 P.3d 1 ; State v. Gallagher , 2005 MT 336, ¶ 32, 330 Mont. 65, 125 P.3d 1141 ; § 46-13-108, MCA. A PFO designation is not a separate crime carrying a separate sentence; rather, it is "a procedural sentence enhancement ***358 required by statute." State v. DeWitt , 2006 MT 302, ¶ 11, 334 Mont. 474, 149 P.3d 549 (citing §§ 46-18-501, -502, MCA ). Sentences imposed based upon an offender's status as a PFO replace the sentence for the underlying felony. State v. Gunderson , 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74 ; State v. Johnson , 2010 MT 288, ¶ 17, 359 Mont. 15, 245 P.3d 1113.
¶17 Section 46-18-502, MCA, sets forth the parameters of the sentence that a district court may impose on a PFO. It provides, in relevant part:
(1) Except as provided in ... subsection (2) of this section, a persistent felony offender shall be imprisoned in the state prison for a term of not less than 5 years or more than 100 years or shall be fined an amount not to exceed $50,000, or both, if the offender was 21 years of age or older at the time of the commission of the present offense.
(2) [A]n offender shall be imprisoned in a state prison for a term of not less than 10 years or more than 100 years or shall be fined an amount not to exceed $50,000, or both, if:
(a) the offender was a persistent felony offender, as defined in [§] 46-18-501, [MCA,] at the time of the offender's previous felony conviction;
(b) less than 5 years have elapsed between the commission of the present offense and:
(i) the previous felony conviction; or
(ii) the offender's release on parole, from prison, or from other commitment imposed as a result of the previous felony conviction; and
(c) the offender was 21 years of age or older at the time of the commission of the present offense.
...
(4) Any sentence imposed under subsection (2) of this section must run consecutively to any other sentence imposed.
Section 46-18-502, MCA.
¶18 Section 46-18-502(2), MCA, applies when a defendant has previously *78 been sentenced as a PFO, less than five years have elapsed between the commission of the current felony offense and the previous felony conviction and sentence as a PFO, and the defendant was twenty-one years of age or older at the time of the offense. Sentences for repeat PFOs must run consecutively to any other sentences imposed. Gunderson , ¶¶ 48, 55 (affirming a district court's decision sentencing the defendant to both life imprisonment on the charge of ***359 attempted sexual intercourse without consent and a term of 100 years as a PFO on the burglary charge) (emphasis in original); § 46-18-502(4), MCA.
¶19 The District Court concluded that, based upon Martin's prior felony convictions and PFO designation, it had no alternative but to sentence him under § 46-18-502(2), MCA, to a minimum of ten years incarceration on both the robbery by accountability and assault charges, and that the sentence must run consecutively to the three-year suspended sentence for his probation violation in DC 07-0491.
¶20 Martin argues that the State and the District Court led him to reasonably believe he would be designated a "regular" PFO under § 46-18-502(1), MCA, rather than a "repeat" PFO under § 46-18-502(2), MCA. Martin argues the State did not request a repeat PFO designation, and Martin did not receive notice that he may be sentenced as such. Instead, Martin argues, the District Court made a sua sponte decision during the sentencing hearing to designate Martin as a repeat PFO. This decision violated statutory and constitutional notice requirements and deprived Martin of a meaningful opportunity to challenge the repeat PFO designation. Martin further argues the District Court's designation of Martin as a repeat PFO prejudiced his sentence, evinced by the District Court's conclusion that Martin's thirty-year combined felony sentence and his three-year suspended sentence in DC 07-0491 must run consecutively, rather than concurrently, to each other. Finally, Martin asks this Court to clarify that § 46-13-108, MCA, requires notice of when (and whether) the State seeks to designate a defendant as a "regular" or "repeat" PFO.
¶21 The State responds that the PFO notice statute, § 46-13-108, MCA, does not require specificity as to which subsection of the PFO sentencing statute, § 46-18-502, MCA, will apply at sentencing. Instead, the PFO sentencing statute requires only that the State give notice that the defendant will be sentenced under the PFO sentencing statute, in lieu of the statute that would otherwise apply to the conviction. Finally, the State argues that regardless of which subsection of § 46-18-502, MCA, applied, the alleged error did not violate Martin's substantial rights because the record does not establish that the District Court's sentence would have been different had Martin not been subject to repeat PFO sentencing. We agree.
¶22 Section 46-13-108, MCA, required the State to notify Martin that it planned to seek a PFO designation and to specify the alleged prior convictions that formed the basis for the current PFO designation. The Notice that Martin received referenced the 2012 conviction, which first designated Martin a PFO, and stated this was ***360 the alleged prior conviction upon which the State was relying for the PFO designation in the present case. Martin acknowledged that the 2012 conviction was specified in the PFO Notice and he does not dispute that he was, in fact, designated a PFO when he was sentenced in 2012.
¶23 Section 46-13-108, MCA, does not require the State to specify that it is seeking a "repeat PFO" designation. In fact, the sentencing statute does not include such a designation. See § 46-18-502, MCA. It merely distinguishes between a defendant for whom the State seeks a PFO designation for the first time, versus a defendant for whom the State seeks a PFO designation premised on a previous conviction where a defendant was designated a PFO. Section 46-18-502(1), (2), MCA. In this case, the prior conviction specified in the PFO Notice was a conviction for which Martin was designated a PFO. That was sufficient notice that Martin was a PFO "at the time of [his] previous felony conviction," which placed him under § 46-18-502(2), MCA, for sentencing purposes. See § 46-18-502(2), MCA.
¶24 The purpose of the PFO notice statute is to provide a defendant with the opportunity *79 to challenge the previous conviction. See § 46-13-108, MCA ; Dist. Ct. of the Eighteenth Jud. Dist. , ¶ 49. Martin was afforded such an opportunity. See Gallagher , ¶ 32 ; Minez , ¶ 39. Martin knew of his previous felony conviction, that he was designated a PFO for that previous felony conviction, and that this was the conviction upon which the State was seeking a PFO designation in the current case. Martin did not object to that previous PFO designation, and he did not contest the validity of the underlying conviction. The District Court correctly concluded Martin received adequate notice under the requirements of § 46-13-108, MCA. See Ariegwe , ¶¶ 174-75.
¶25 Martin satisfied all the requirements to be sentenced under § 46-18-502(2), MCA : (1) robbery by accountability and assault with a weapon are both felonies within the meaning of § 45-2-101(23), MCA[4] ; (2) Martin was previously designated a PFO; (3) less than five years had elapsed between his 2012 felony conviction for which he was designated a PFO and the present felony offenses; (4) Martin was over twenty-one years of age when he committed the present offense; and (5) Martin was not pardoned, and his sentence was not commuted. Section 46-18-502, MCA ; see also § 46-18-501, MCA. Thus, the District Court correctly concluded that it had no choice but to sentence Martin pursuant to § 46-18-502(2), (4), MCA.
***361 ¶26 Martin's argument that he was prejudiced by his improper designation as a repeat PFO also fails. Martin acknowledges that it was well within the District Court's discretion and statutory mandates to impose the sentence it did. See Ariegwe , ¶ 174. The District Court correctly determined that it was mandated to follow the sentencing requirements of § 46-18-502, MCA. See DeWitt , ¶ 11. Accordingly, the District Court correctly determined that, based on the past felonies and previous PFO designation, it had no discretion but to sentence Martin under § 46-18-502(2), (4), MCA.
¶27 Finally, Martin raises several additional claims of due process violation, all of which are premised on the State's alleged failure to provide notice of which sentence Martin might receive and on the District Court's ultimate sentencing decision. Because we hold Martin received adequate notice prior to sentencing that the State planned to seek PFO designation in this case, we decline to address Martin's due process claims.
CONCLUSION
¶28 The District Court did not err when it sentenced Martin as a repeat PFO under § 46-18-502(2), MCA. See Ariegwe , ¶¶ 174-75. We affirm.
We Concur:
LAURIE McKINNON, J.
BETH BAKER, J.
INGRID GUSTAFSON, J.
DIRK M. SANDEFUR, J.

In 2017, the legislature amended the PFO statutes. Relevant for this case, the definition of "persistent felony offender," § 46-18-501, MCA, was repealed and replaced with § 46-1-202(18), MCA. Martin committed the offenses in 2016. Accordingly, all statutory references are to the 2015 Montana Code Annotated.

The District Court consolidated the sentencing and disposition hearings for DC 16-0639 and DC 07-0491, both entitled State of Montana v. Zachary Martin .

Following the 2017 statutory amendments, a PFO is now defined as:
(18) [A]n offender who has previously been convicted of two separate felonies and who is presently being sentenced for a third felony committed on a different occasion than either of the first two felonies. At least one of the three felonies must be a sexual offense or a violent offense as those terms are defined in [§ 46-23-502, MCA ]. An offender is considered to have previously been convicted of two separate felonies if:
(a) the two previous felonies were for offenses that were committed in this state or any other jurisdiction for which a sentence of imprisonment in excess of 1 year could have been imposed;
(b) less than 5 years have elapsed between the commission of the present offense and either:
(i) the most recent of the two felony convictions; or
(ii) the offender's release on parole or otherwise from prison or other commitment imposed as a result of a previous felony conviction; and
(c) the offender has not been pardoned on the ground of innocence and the conviction has not been set aside at a postconviction hearing.
Section 46-1-202(18), MCA.

See § 46-18-201, MCA ; § 45-5-401(1)(a), MCA ; § 45-5-213(1)(b), MCA.