FILED

06/28/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0469

DA 20-0469

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 126N

STATE OF MONTANA,

　　　　Plaintiff and Appellee,

　v.

CHESTER RAYMOND BAUER,

　　　　Defendant and Appellant.

APPEAL FROM: 　District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DC 00-25
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　Penelope S. Strong, Attorney at Law, Billings, Montana

　　　　For Appellee:

　　　　Austin Knudsen, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

　　　　Ben Krakowka, Anaconda-Deer Lodge County Attorney, Anaconda,
Montana

Submitted on Briefs: 　May 18, 2022

Decided: 　June 28, 2022

Filed:

_____
　　　　　　　Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Chester Bauer appeals the July 15, 2020 Judgment of the Third Judicial District Court, Deer Lodge County, sentencing Bauer to 100 years in the Montana State Prison, with no possibility of parole for 30 years, for the offense of Count I: Incest, a felony, in violation of § 45-5-507, MCA. We affirm.

¶3 In 1983, Bauer was convicted of two felonies, sexual intercourse without consent and aggravated assault. While incarcerated, Bauer pled guilty to felony intimidation of a prison guard's wife in Powell County in 1991, and was convicted by a jury in 1996 for escape, a misdemeanor, and intimidation and sexual intercourse without consent of a female inmate who was also incarcerated at the Blaine County Jail, both felonies. On September 22, 1997, Bauer was exonerated for the 1983 crimes based on DNA evidence and newly discovered evidence of actual innocence. In light of the exoneration, Bauer was resentenced for the Blaine County crimes following a successful appeal to this Court for postconviction relief. We held that because Bauer's Blaine County sentences were predicated on materially false information, "we [could] not fairly conclude that Bauer was given a sufficient opportunity to be heard and to rebut that misinformation at the time of sentencing." *Bauer v. State*, 1999 MT 185, ¶ 27, 295 Mont. 306, 983 P.2d 955. On remand,

the District Court imposed a shorter sentence, explaining that Bauer had "done sufficient prison time in connection with the present offenses to teach him that the rules must be followed." Bauer was released on November 26, 1999, shortly after the sentencing hearing.

¶4      In April 2000, the State charged Bauer with incest against his 18-year-old physically and mentally disabled daughter following allegations that he had non-consensual sexual intercourse with her two times approximately one month after his release. A jury convicted Bauer in October 2000, and the court sentenced him to life in prison for the underlying offense of incest, as well as an additional 20 years to run consecutively for his designation as a persistent felony offender (PFO), and imposed the restriction that Bauer was ineligible for parole. Bauer appealed the conviction, but did not challenge the sentence, and we affirmed. *State v. Bauer*, 2002 MT 7, 308 Mont. 99, 39 P.3d 689.

¶5      In 2019, Bauer petitioned this Court for a writ of habeas corpus. Bauer argued, and the State conceded, that the 20-year PFO sentence was facially invalid under our holding in *Gunderson II*, which clarified that "sentences imposed based on an offender's status as a persistent felony offender *replace* the sentence for the underlying felony," and are not sentences "*in addition to* the sentence for the offense." *State v. Gunderson*, 2010 MT 166, ¶¶ 51, 54, 357 Mont. 142, 237 P.3d 74 (*Gunderson II*) (emphasis in original). We granted Bauer's habeas petition in part, and remanded the matter to the District Court for the purpose of "resentencing in accordance with *Gunderson II*."

¶6      The District Court conducted a resentencing hearing on remand. The State asked the court to impose a sentence of 100 years with no possibility of parole for 35 years "in the best possible effort to mimic the sentence imposed by Judge Mizner in 200[1]." Bauer's

3

counsel proposed a sentence of 40 years, arguing that Bauer had demonstrated the possibility of rehabilitation. Referencing Bauer's participation in over 90 different prison programs and the rapid deterioration of Bauer's physical health due to a genetic neuromuscular disease that prevents walking any significant distance, counsel stated, "It's just a vastly different individual before the Court today then was before the Court [in 2001]."

¶7 Relying on the parties' arguments, the prior court's judgment, and presentence and psychosexual evaluations completed in 2000, the District Court determined that Bauer remained a Level 3 (high) risk to reoffend. The court found that the evidence largely supported the prior court's finding that Bauer's "particularly manipulative personality," inability to take responsibility, sexually predatory nature, minimal prospects for rehabilitation, and the heinous nature of the offense as well as the vulnerability of the victim all "mandate a placement in a long term custodial setting."

¶8 The District Court imposed a sentence of 100 years in the Montana State Prison, with no possibility of parole for 30 years from the date of Bauer's original sentence, which the court calculated would be in about ten more years. The court required Bauer to have completed both phases one and two of the prison's sex offender treatment program before eligibility for parole.

¶9 Bauer does not argue on appeal that the District Court's sentence is statutorily unsound; nor does Bauer argue that the newly imposed sentence is not in accordance with *Gunderson II*. Bauer raises several issues on appeal, none of which were argued to the District Court below.

¶10 We review for legality a criminal sentence imposing over one year of incarceration. *State v. Pope*, 2017 MT 12, ¶ 17, 386 Mont. 194, 387 P.3d 870. We review de novo whether the court adhered to the applicable sentencing statute. *State v. Moore*, 2012 MT 95, ¶ 10, 365 Mont. 13, 277 P.3d 1212. A sentence is lawful when it falls within the statutory parameters and is constitutional. *State v. Martin*, 2019 MT 44, ¶ 12, 394 Mont. 351, 435 P.3d 73.

¶11 When we granted Bauer's petition for writ of habeas corpus, we remanded the matter to the District Court for the sole and express purpose of "resentencing in accordance with *Gunderson II*." The District Court did precisely as it was directed to do by our order granting the writ. The parties do not dispute that on remand Bauer's PFO status authorized the District Court to impose a sentence of five to 100 years, § 46-18-502(1), MCA (1999), or that the court retained the authority to prohibit Bauer's parole eligibility entirely, as Judge Mizner had done in 2001, § 46-18-202(2), MCA (1999).

¶12 Bauer's arguments on appeal are unpreserved and go beyond the specific scope of relief granted by the writ of habeas corpus by which the matter was remanded for resentencing. Bauer requests this Court exercise plain error review of each claim. The State argues that we should decline to review any of Bauer's claims for plain error because Bauer has not demonstrated that failing to review the claims would result in a manifest miscarriage of justice.

¶13 "We invoke plain error review sparingly, on a case-by-case basis, according to narrow circumstances, and by considering the totality of the case's circumstances." *State v. Mitchell*, 2012 MT 227, ¶ 10, 366 Mont. 379, 286 P.3d 1196. In asserting plain error, a

5

criminal defendant must (1) show that the claimed error implicates a fundamental right and (2) firmly convince this Court that failure to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. *Mitchell*, ¶ 13 (quoting *State v. Norman*, 2010 MT 253, ¶ 17, 358 Mont. 252, 244 P.3d 737). "A mere assertion that constitutional rights are implicated or that failure to review the claimed error may result in a manifest miscarriage of justice is insufficient to implicate the plain error doctrine." *In re J.S.W.*, 2013 MT 34, ¶ 17, 369 Mont. 12, 303 P.3d 741 (citing *Gunderson II*, ¶ 100).

¶14    Since the District Court did precisely as it was directed to do by our Order granting the writ of habeas corpus—resentence Bauer in accordance with *Gunderson II*—we cannot conclude that Bauer has firmly convinced us that failure to review the claimed errors on appeal would result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the trial or proceedings, or compromise the integrity of the judicial process. We decline to exercise plain error review.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's sentence on remand accords with Montana's sentencing statutes and *Gunderson II*. Bauer has failed to meet the burden for

plain error review and we decline to review Bauer's additional claims on appeal. The District Court's judgment is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE