ORIGINAL



FILED

10/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0451

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0451

FILED

OCT 23 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

GABRIEL ROY CHEATAM,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison,

Respondent.

ORDER

In an August 7, 2024 Order, this Court directed the State of Montana to respond to Gabriel Roy Cheatam's Petition for Writ of Habeas Corpus. Upon review of the petition, the Court was concerned that Cheatam, filing pro se, was serving a facially invalid 10-year sentence for Persistent Felony Offender (PFO) after having served a separate sentence for the underlying crime of perjury. We have considered the State's Response. Additionally, Cheatam has asked to file a reply, which we deny in this order.

The State provides Cheatam's relevant procedural history concerning two criminal cases in the Twelfth Judicial District, Hill County. In early 2005, the State charged Cheatam with felony perjury (DC-05-013) after he testified untruthfully in an earlier 2004 criminal case (DC-04-115). Cheatam received a five-year prison sentence in DC-04-115, followed by a separate, five-year sentence for PFO. Cheatam appealed his conviction in 2005, and we affirmed. *State v. Cheatam*, No. DA 05-0583, 2006 MT 260N, 2006 Mont. LEXIS 555 (Oct. 10, 2006).

In DC-05-113, Cheatam entered a guilty plea to felony perjury on July 25, 2005, and the District Court sentenced Cheatam to the Montana State Prison (MSP) for one year. After the parties' briefing, the District Court designated Cheatam a PFO and imposed a

consecutive ten-year sentence for the perjury charge. The Court ran DC-05-113 consecutively to DC-04-115. Cheatam did not appeal his conviction in DC-05-113.

On July 7, 2006, the District Court granted Cheatam's petition for a reduction of his sentences in both cases and converted them into suspended sentences. However, on December 1, 2008, the District Court revoked Cheatam's sentence in DC-04-115 and imposed a commitment to the Department of Corrections (DOC) for ten years with five years suspended. After being released to serve the suspended portion of his sentence in DC-04-115, the District Court again revoked Cheatam's sentence in August 2015 and imposed a commitment to the DOC for four years. After Cheatam served his four years, he began serving his ten year probationary sentence for PFO in DC-05-113 on December 14, 2018. The State provides that Cheatam discharged the one-year sentence for his perjury conviction in DC-05-113 on August 7, 2019.

Cheatam continued to violate while serving his ten-year PFO sentence. The State filed a petition to revoke in July 27, 2020, and Cheatam was arrested on April 2, 2022, more than two years after he absconded. After several delays, new revocations, and Cheatam's failure to appear or to report, the District Court held a revocation hearing on September 18, 2023 following Cheatam's arrest. At that hearing, Cheatam stated that he was not satisfied with his counsel and the court appointed new counsel. This caused further delay. Eventually, the District Court held a dispositional hearing on May 3, 2024. The court deemed the PFO designation a felony and imposed a three-year, unsuspended sentence to MSP. The court awarded 203 days of credit for jail time and 162 days of street time. Cheatam did not appeal.

In the instant Petition, Cheatam contends that his May 2024 sentence upon revocation is in violation of Montana law because the District Court did not award credit for time served. Since our August 7, 2024 Order, Cheatam has moved this Court to file a reply brief and to supplement the record. The State maintains that Cheatam is not entitled to any additional credit for time served. With respect to the facial invalidity of Cheatam's PFO sentence, the State concludes that the District Court did not impose two separate sentences for Cheatam's perjury conviction. The State argues that after revoking his

2

ten-year PFO sentence, the court imposed a *single*, three-year sentence. The State further concludes that no relief for Cheatam exists because Cheatam is not serving any "offending portion" of an improper sentence.

The State is correct that Cheatam is not serving two separate sentences—*he is serving one sentence for a PFO*. Therefore, we conclude that, regardless of the number of PFO sentences Cheatam may have previously served, the current sentence for which Cheatam is incarcerated is an illegal separate sentence for PFO. The District Court imposed an illegal sentence in 2024 when the court deemed the PFO designation a felony and imposed a new PFO sentence. *See, e.g., State v. Johnson*, 2024 MT 152, ¶ 42, 417 Mont. 221, 552 P.3d 683; *Gunderson II*. "A PFO designation is not a separate crime carrying a separate sentence; rather, it is a procedural sentence enhancement required by statute." *Johnson*, ¶ 42 (citing *State v. Martin*, 2019 MT 44, ¶ 16, 394 Mont. 351, 435 P.3d 73 (quoting *State v. DeWitt*, 2006 MT 302, ¶ 11, 334 Mont. 474, 149 P.3d 549 (citing § 46-18-501, -502, MCA)) (internal quotation omitted).

Cheatam has demonstrated illegal incarceration and an illegal sentence. Section 46-22-101(1), MCA. Cheatam is entitled to habeas corpus relief. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Because Cheatam's sentence will be vacated, we do not address whether time has been calculated correctly.

Therefore,

IT IS ORDERED that:

1. Cheatam's Petition for Writ of Habeas Corpus is GRANTED and Cheatam's underlying matter is REMANDED to the Twelfth Judicial District Court, Hill County, to VACATE its May 20, 2024 Order on Resentencing;

2. Cheatam's Motion to file a reply brief is DENIED, as moot;

3. Cheatam's Brief/Motion to Supplement the Record is DENIED; and

4. this matter is CLOSED as of the Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Heather Perry, District Court Judge; Kathie Vigliotti, Clerk of District Court, Hill County, under Cause No. DC-05-013; counsel of record; and Gabriel Roy Cheatam personally.

3

DATED this 23rd of October, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

4