No. DA 06-0103

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 302

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PATRICK B. DEWITT,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DC 01-95,
Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kevin E. Vainio, Attorney at Law, Butte, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jennifer Anders, Assistant
Attorney General, Helena, Montana

Robert McCarthy, County Attorney; Brad Newman, Deputy County
Attorney, Butte, Montana

Submitted on Briefs:   November 1, 2006

Decided:   November 22, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Patrick DeWitt, defendant and appellant, challenges the constitutionality and legality of the District Court's order revoking his suspended sentence. In particular, DeWitt alleges that the court failed to give him credit for time served. We uphold the court's sentence.

¶2 We restate the issue as follows:

¶3 Did the District Court fail to give DeWitt credit for 1,275 days served when the court revoked DeWitt's suspended sentence and sentenced him to 10 years, with 5 years suspended?

## BACKGROUND

¶4 In March of 2002, DeWitt was found guilty of two counts of aggravated burglary and was found to be a persistent felony offender. He was sentenced, in July of 2002, to three consecutive 10-year sentences. DeWitt appealed, and we reversed in part and remanded the case, instructing the District Court to dismiss one count of aggravated burglary. DeWitt was incarcerated after his conviction until he was re-sentenced, a total of 1,275 days. The District Court, on remand, sentenced DeWitt, on January 24, 2005, to a 10-year sentence for the count of aggravated burglary, and a consecutive 10-year sentence as a persistent felony offender. The court suspended all but 1,275 days of the 20-year sentence. The court then awarded DeWitt 1,275 days of credit for time served. DeWitt, therefore, had no prison time to serve and was immediately released on probation.

¶5 Subsequently, DeWitt violated his probation and the District Court, on October 20, 2005, revoked the suspended sentence and sentenced DeWitt to a term of 10 years, with 5 years suspended. The court credited DeWitt with 160 days served while awaiting the revocation proceedings, but did not mention the 1,275 days of credit at issue here. It is from this sentence DeWitt appeals.

## DISCUSSION

¶6 **Did the District Court fail to give DeWitt credit for 1,275 days served when the court revoked DeWitt's suspended sentence and sentenced him to 10 years, with 5 years suspended?**

¶7 DeWitt contends that the court failed to account for his 1,275 days served when it sentenced him on October 20, 2005, in violation of his rights under the double jeopardy clauses of the Constitutions of the United States and the State of Montana, as well as under §§ 46-18-402 and -403(1), MCA. DeWitt, citing the United States Supreme Court opinion *North Carolina v. Pearce*, argues that double jeopardy protects against "multiple punishments for the same offense," and that the court, by not crediting DeWitt for the 1,275 days served when it revoked the suspended sentence, in effect punished him twice for the same offense. 395 U.S. 711, 717-19, 89 S. Ct. 2072, 2076-77 (1969). More specifically, DeWitt argues that, under §§ 46-18-402 and -403(1), MCA, time already served must be carried forward when a defendant is re-sentenced.

¶8 According to DeWitt, the District Court failed to carry forward DeWitt's time served when it sentenced him after he violated his probation. Put as simply as possible, DeWitt contends that when the court sentenced him in January 2005, the court imposed a

3

10-year term for the aggravated assault count, less the 1,275 days (which equates roughly to 3.5 years), all suspended, and a separate 10-year suspended term for his persistent felony conviction. Restated, the court sentenced him to a 6.5-year suspended term for aggravated assault, and 10 years suspended as a persistent felony offender. According to DeWitt, the court dropped the persistent felony charge at the re-sentencing on October 20, 2005. Therefore, from Dewitt's perspective, the court had only the 6.5-year suspended sentence for the aggravated burglary count to revoke as punishment for DeWitt's probation violation. Because the court instead sentenced DeWitt to 10 years with five suspended, the court neglected to count the 3.5 years (1275 days) previously credited on the aggravated burglary count. DeWitt suggests that the 3.5 years should have been credited towards the 5 unsuspended years of the October sentence.

¶9 We disagree and conclude that when the court sentenced DeWitt after his probation violation, it had a 16.5-year suspended sentence to work with, which was more than sufficient to account for the 10-year sentence with 5 years suspended that the court imposed on October 20, 2005.

¶10 DeWitt is correct that § 46-18-403(1), MCA, requires that each day of incarceration prior to or after conviction be credited against the sentence. However, revocation of a suspended sentence based upon violations of probationary conditions and reinstatement of the original sentence does not violate a person's constitutional rights against double jeopardy, although a court is limited to the parameters of the sentence imposed in the initial suspended sentence and credit must be allowed for time already served in a detention center. *State v. Brister*, 2002 MT 13, ¶¶ 24-27, 308 Mont. 154,

4

¶¶ 24-27, 41 P.3d 314, ¶¶ 24-27 (citations omitted); § 46-18-203(7)(a)(iii) and -203(7)(b), MCA (1999). For example, if a defendant is given a 20-year suspended sentence and subsequently violates the terms of his probation, the court may only impose a maximum of 20 years as a consequence of the probation violation.

¶11 Additionally, a persistent felony offender designation is not itself a separate crime carrying a separate sentence, but is a procedural sentence enhancement required by statute. *See* §§ 46-18-501 and -502, MCA. There is not, therefore, a separate sentence for the felony and a separate sentence for the persistent felony offender charge, but only one sentence pursuant to § 46-18-502, MCA.

¶12 Here, the District Court sentenced DeWitt, on remand, to a 20-year term, all suspended and with credit for the 1275 days, or 3.5 years, already served. Accordingly, DeWitt was immediately released on probation with a 16.5-year suspended sentence (20 years less the 3.5 years credited for time served). DeWitt subsequently violated his probation and, consequently, the District Court revoked his probation and sentenced DeWitt to a 10-year term, with 5 years suspended because the probation violation demonstrated "the need for a higher level of supervision, to permit effective treatment of [DeWitt] and to protect the public." The court, when sentencing DeWitt after his probation violation, was limited to the previous suspended sentence of 16.5 years, as explained above. The court was also required to give credit for any time served while awaiting sentencing, which it did. The court thus had a sentence limit of 16.5 years less the 160 days served while awaiting the revocation hearing, for a total of about 16 years. DeWitt's 10-year sentence with 5 years suspended was well within this 16-year limit.

5

¶13 DeWitt contends, however, that the District Court dropped the persistent felony offender count and only sentenced DeWitt under the aggravated burglary count, which, according to DeWitt, limited the court to a 6.5-year sentence. DeWitt's proposition mistakenly assumes that the court's January sentence counted the 3.5-year credit for time served solely to the aggravated burglary count and that the persistent felony offender count carries a separate sentence that the court later dropped, which is incorrect. The persistent felony offender charge, as explained above, is not a crime in its own right but a procedural sentence enhancement to a second felony conviction which in this case was aggravated burglary. The January sentence, then, was *one* 20-year sentence with credit given for 3.5 years served. The court, in October, could have sentenced DeWitt to a term of 16.5 years, less the 160 days served, with no time suspended. Instead the court, under the circumstances, was lenient and sentenced DeWitt to a 10-year term, with 5 years suspended, which did not violate double jeopardy and was within statutory parameters.

¶14 For the foregoing reasons we uphold the District Court's sentence.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE

6