

FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0317

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0317

_____

GREGORY L. WALLACE,

Petitioner,

v.

LYNN GUYER, Warden, Montana State Prison
and CAPTAIN JASON KOWALSKI, D.O.C.,
Missoula Assessment & Sanction Center,

Respondents.

_____

O R D E R

Representing himself, Gregory L. Wallace has filed a petition for a writ of habeas corpus, asserting that his sentence is illegal because it violates his right to be free from double jeopardy. Wallace also claims that he is due more credit for time served.

This Court is familiar with Wallace's history. On June 4, 2012, Wallace entered a plea of no contest in the Yellowstone County District Court to felony driving under the influence. The District Court sentenced Wallace to a ten-year term as a persistent felony offender and suspended two years. On October 9, 2015, the Butte-Silver Bow County District Court accepted Wallace's no-contest plea to felony escape in exchange for a suspended two-year sentence to the Department of Corrections. The District Court ran this suspended sentence consecutively to his sentence from Yellowstone County. Since then, the Yellowstone County District Court revoked Wallace's suspended sentence in 2020 and sentenced him to a two-year term.

In his petition, Wallace claims that he was violated for absconding. Wallace requests independent pro bono or appointed counsel and raises various claims of ineffective assistance of counsel concerning the recent imposition of his sentence upon revocation. He states that his "rights were violated by Yellowstone County attorney's double jeopardy fact in process." He also states that he was not given a fair shot on probation.

Upon review of Wallace's petition, it is difficult to discern his arguments or requested relief. This Court gives self-represented litigants a "fair shot" at access, but Wallace's instant petition precludes any relief. As a petitioner, Wallace carries the "burden of proof or the burden of persuasion." *In Re Hart*, 178 Mont. 235, 249, 583 P.2d 411, 419 (1978). Wallace must prove "the violation, deprivation, infringement, or denial of his constitutional, statutory, or legal rights generally, or denial of due process of law[.]" *In re Hart*, 178 Mont. at 250, 583 P.2d at 419; *see also Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d (a petitioner "has the burden of presenting to this Court a record that is sufficient to make a prima facie showing[.]").

Wallace has not carried his burden or presented a record sufficient to make a prima facie showing about any illegalities in his sentence upon revocation from Yellowstone County. Section 46-22-101(1), MCA. He has not clearly articulated any argument about credit for time served or while on probation. We point out that a District Court has statutory authority to revoke a suspended sentence pursuant to § 46-18-203(7)(a)(iii), MCA, and that a sentence upon revocation does not violate double jeopardy. *State v. Dewitt*, 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549. We further point out that Wallace may raise any claims about ineffective assistance of counsel in a petition for postconviction relief, filed in the Yellowstone County District Court, before January 2021. Sections 46-21-101 and -102, MCA. Aside from that, this Court does not conduct research for litigants, and we cannot provide any remedy for his instant petition as presented.

IT IS THEREFORE ORDERED that Wallace's request for appointed counsel is DENIED and his Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Gregory L. Wallace personally.

DATED this ___ day of June, 2020.

_____
Chief Justice

2

_____

_____

_____

_____
                Justices