FILED

09/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0438

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0438

GREGORY L. WALLACE,

Petitioner,

v.

CAPTAIN JASON KOWALSKI, DEPARTMENT
OF CORRECTIONS, MISSOULA ASSESSMENT
AND SANCTION CENTER,

Respondent.

FILED

OER D E 2020

Bowen G...
Clerk of ...

Self-represented Petitioner Gregory L. Wallace has returned to this Court with a verified Petition for a Writ of Habeas Corpus, challenging his sentence and conviction for felony escape and requesting credit for time served while on probation ("street time").

Wallace has two criminal cases pertinent here. On June 4, 2012, Wallace entered a plea of no contest in the Yellowstone County District Court to felony driving under the influence. The District Court sentenced Wallace to a ten-year term as a persistent felony offender and suspended two years. On October 9, 2015, the Butte-Silver Bow County District Court accepted Wallace's no contest plea to felony escape in exchange for a suspended two-year sentence to the Department of Corrections. The District Court ordered this suspended sentence to run consecutively to his Yellowstone County sentence.[1] Wallace did not timely appeal either sentence.[2]

---

[1] Since then, the Yellowstone County District Court revoked Wallace's suspended sentence in 2020 and sentenced him to a two-year term.

[2] Wallace petitioned this Court for out-of-time appeals of the convictions from both District Courts. We denied his first petition because he sought an appeal more than two and a half years after the June 2012 Judgment. *State v. Wallace*, No. DA 15-0101, Order (Mont. Feb. 25, 2015). He attempted to appeal the October 2015 Judgment on the issue of jurisdiction after he had entered a guilty plea to escape. *Wallace v. State*, No. DA 19-0129, Order (Mont. Mar. 19, 2019).

Wallace includes several exhibits, including a docket sheet from the Powell County District Court for the felony offense of escape as well as a copy of a petition for a writ of habeas corpus for federal court. Citing to many legal authorities, he refers to *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979), as the authority for this Court to review his illegal sentence for escape and the lack of credit for street time. He argues that he could not be convicted of escape because he was on probation at the time he absconded. Wallace does not suggest how much credit he is due for "the probation time already served." He contends that this Court is incorrect that a revocation of a suspended sentence does not violate double jeopardy. *See State v. Dewitt*, 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549.

We secured copies of relevant documents to inform our review of Wallace's claims. Wallace was charged in 2014 with escape in Powell County District Court, and venue was changed by agreement of the parties to the Butte-Silver Bow County District Court under Cause No. DC-15-58. Wallace is correct that he cannot be charged with escape while on probation, pursuant to § 45-7-306(1)(b), MCA (2013). In the filed Information, however, the State of Montana specifically stated that Wallace was "an inmate subject to official detention with the Montana Department of Corrections, temporarily assigned to the Butte Pre-Release Center, [and that he] purposely or knowingly failed to return to official detention following temporary leave granted for a specific purpose . . . ." *See* § 45-7-306(2), MCA, (2013). Because Wallace was placed in official detention at the time, the charge was proper. Wallace has not demonstrated an illegal sentence for escape.

Nor is Wallace due any credit for time served on probation. Several years later, it is not clear whether he seeks credit for street time in 2014 or 2020. Wallace does not provide any argument or supporting documentation for why he should receive any credit. Section 46-22-101(1), MCA. Wallace admitted that he absconded from probation and that a report of violation was filed. For either year, Wallace is not due credit for street time when he violated the terms and conditions of the sentence he was serving. Section 46-18-203(7)(a), (7)(b), and (12), MCA (2019). Wallace's statement concerning double jeopardy lacks merit. *See* § 46-18-203(7)(a)(iii), MCA.

2

We conclude that Wallace has not demonstrated an illegal sentence or illegal incarceration. Section 46-22-101(1), MCA. He received a valid sentence for escape from the Butte-Silver Bow County District Court. He has not given any reason he should be granted credit for time while on probation when he violated its terms and conditions. Wallace is procedurally barred via habeas corpus from challenging his sentence upon revocation from the Yellowstone County District Court. Section 46-22-101(2), MCA.

IT IS THEREFORE ORDERED that Wallace's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Gregory L. Wallace personally.

DATED this 15ᵗʰ day of September, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3