IN THE SUPREME COURT OF THE STATE OF MONTANA
OP 21-0526



GEORGE C. WELLS,

    Petitioner,

v.

JIM SALMONSEN,

    Respondent.

**FILED**

NOV 09 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

---

George C. Wells has petitioned for habeas corpus relief, arguing that, pursuant to *State v. Brendal*, 2009 MT 236, ¶ 40, 351 Mont. 395, 213 P.3d 448, he should be sentenced as a persistent felony offender (PFO) because it is mandatory. He claims that "this Court is barred by res judicata and must reinstate the original legal 50 year PFO sentence which became 'law of the case' on February 18, 1982, and final with his conviction."

We have previously addressed Wells' sentencing issues when he sought habeas relief, explaining as follows:

> In 1982, Wells was sentenced for multiple felonies and as a persistent felony offender (PFO), receiving a total sentence of 150 years. He appealed, and we affirmed. *State v. Wells*, 202 Mont. 337, 658 P.2d 381 (1983). In 2015, he petitioned for habeas corpus, asserting that his sentence was facially invalid because his PFO sentence was imposed in addition to the sentences for his other offenses, as well as presenting other claims. We partially granted Wells' petition and remanded his case for resentencing. *Wells v. Kirkegard*, 381 Mont. 545, 357 P.3d 337 (Table). On April 20, 2016, the District Court resentenced Wells for his felony convictions, and did not sentence him as a PFO, resulting in a 100-year sentence. Wells did not appeal from his new sentence.

*Wells v. Fletcher*, No. OP 17-0224, 388 Mont. 555, 397 P.3d 457 (May 9, 2017).

Because, as noted above, Wells did not appeal from his new sentence, he is precluded from seeking habeas relief. Section 46-22-101(2), MCA ("The writ of habeas

corpus is not available to attack the validity of the conviction or sentence of a person of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal."). And, in any event, Wells is mistaken in his arguments. *Brendal* does not apply to Wells because the law governing PFO sentencing has changed since 2009. Wells' 1982 sentence as a PFO was illegal when, in 2010, we determined the PFO sentence replaces the sentence for the underlying felony. *State v. Gunderson*, 2010 MT 166, ¶ 54, 357 Mont. 142, 237 P.3d 74 (*Gunderson II*). Because of this Court's remand in 2015 to the District Court, Wells' overall sentence has since been corrected. It is not mandatory that Wells receive a PFO sentence when he received sentences for his other felonies because a PFO "designation is not itself a separate crime carrying a separate sentence[.]" *Gunderson II*, ¶ 53 (citing *State v. DeWitt*, 2006 MT 302, ¶ 11, 334 Mont. 474, 149 P.3d 549). Wells now has sentences for his felony convictions and not as a PFO. We note that Wells' new sentence is for 100 years, instead of the 150-year sentence that was determined to be illegal.

Therefore,

IT IS ORDERED that Wells' Petition for Habeas Relief is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to George C. Wells personally.

DATED this 9ᵗʰ day of November, 2021.

_____
Chief Justice

_____

_____

2

Justices