ORIGINAL

FILED

06/14/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0193

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0193

STEVEN E. ROWE Sr.,

Petitioner,

v.

MONTANA DEPARTMENT OF
CORRECTIONS, and JENI NICHOLS,
Program Administrator, CCP,

Respondents.

ORDER

FILED

JUN 1 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Steven E. Rowe, Sr., has filed a verified Petition for Writ of Habeas Corpus, indicating that his sentence is longer than the law allows and that the sentence violates double jeopardy. In compliance with this Court's May 3, 2022 Order, the Department of Corrections (Department or DOC) responds that Rowe's matter should be remanded to the Yellowstone County District Court to award more credit for time served.

The Department provides more detail about Rowe's history. On March 29, 2019,[1] the Yellowstone County District Court sentenced Rowe to a five-year, suspended DOC term for felony assault with a weapon. The court required Rowe to register as a violent offender due to this conviction. Rowe did not initially report to his Probation Officer (PO) after his conviction and sentence to complete the probation paperwork until later in April of 2019. Rowe only completed one monthly check-in with his PO on May 7, 2019. By June 7, 2019, his PO issued an administrative warrant for a pick-up. Rowe's PO submitted a Report of Violation on June 10, 2019, to the Yellowstone County's Attorney Office, reporting that Rowe had absconded. The County Attorney filed a Petition to Revoke and a bench warrant was issued setting bail at $10,000.

---

[1] The original Judgment was filed on July 15, 2019.

In March 2020, the County Attorney charged Rowe with felony failure to register as a violent offender. The court issued a second warrant of arrest. The Billings Police Department arrested Rowe on June 2, 2021, almost two years after the initial bench warrant. Pursuant to a plea agreement, on December 21, 2021, the District Court revoked Rowe's suspended sentence and sentenced Rowe to the DOC for a five-year term. The court awarded credit of 203 days for time served in 2021. Also, on that day, the court imposed a two-year, DOC term for felony failure to register as a violent offender, to run consecutively to his revoked sentence. Rowe received the same amount of credit for time served on his consecutive sentence. The court awarded no street time credit because Rowe had failed to comply with his initial 2019 sentencing conditions.

Rowe briefly states that he was originally sentenced to five years, and that after he served two years, "they added 2 more for a total of 7 years."

Rowe is correct that he is serving a seven-year sentence. He, however, has not demonstrated illegal sentences. The District Court imposed a sentence upon revocation after it found Rowe violated terms and conditions of his probation. Section 46-18-203(7)(a)(iii), MCA. Rowe received two separate sentences which the District Court chose to run consecutively. *See* § 46-18-401(4), MCA ("Separate sentences for two or more offenses must run consecutively unless the court otherwise orders."). His sentence is no longer than the law allows. Furthermore, his sentence upon revocation does not violate his right to be free from double jeopardy. This Court has held that "revocation of a suspended sentence based upon violations of probationary conditions and reinstatement of the original sentence does not violate a person's constitutional rights against double jeopardy[.]" *State v. Dewitt*, 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549.

Finally, the Department concedes that Rowe is entitled to an additional credit of 67 days against his original sentence. The Department points to the court's original Judgment, where the court specifically stated:

> IT IS FURTHER ORDERED that Defendant will receive credit for time spent in pre-trial incarceration as follows: October 22, 2018 through December 27, 2018. In the event the Defendant's suspended sentence is

2

revoked, the maximum term of incarceration that may be imposed is FOUR (4) YEARS TWO HUNDRED NINETY-EIGHT (298) DAYS.

The Department concedes that this matter should be remanded to the Yellowstone County District Court to amend its Order of Revocation and Imposition of Sentence to credit Rowe for the additional 67 days he served in pretrial detention from October 18, 2018 to December 27, 2018, along with his 2021 credit for a total credit of 270 days.

We conclude a portion of Rowe's sentence upon revocation is illegal and should be remanded to reflect Rowe's entitlement to an additional 67 days. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Therefore,

IT IS ORDERED that Rowe's Petition for Writ of Habeas Corpus is GRANTED in part to remand his underlying matter to the Thirteenth Judicial District Court, Yellowstone County, for amendment of the December 21, 2021 Order of Revocation and Imposition of Sentence, to reflect the additional credit for time served from October 18, 2018 to December 27, 2018.

IT IS FURTHER ORDERED that Rowe's Petition for Writ of Habeas Corpus is DENIED in part as to his other claims.

The Clerk is directed to provide a copy of this Order to: the Honorable Ashley Harada, District Court Judge, Thirteenth Judicial District; Terry Halpin, Clerk of Court, Yellowstone County, under Cause No. DC 18-1314; Program Administrator Jeni Nichols, jnichols@cccscorp.com; counsel of record; and Steven E. Rowe Sr. personally.

DATED this 14ᵗʰ day of June, 2022.

_____

Justices