
ORIGINAL

FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0448

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0448

VINCENT TAYLOR,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,

Respondent.

FILED

SEP 0 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Vincent Taylor petitions this Court for habeas corpus relief, explaining that he has been subjected to "triple jeopardy" with his sentences from the Missoula County District Court. Taylor seeks reduction of his sentence and his immediate release.

Taylor briefly states that his first judgment was issued on May 29, 2019, in Cause No. DC-2018-618. He adds that he received a second sentence in the same criminal case on May 4, 2021, subjecting him to double jeopardy. He lastly arrives at triple jeopardy with his May 26, 2022 judgment, imposing his third sentence with credit for time served of 919 days. Taylor concludes that with his original two-year sentence, he should be released.

Taylor is mistaken. We secured copies of his sentencing judgments. On May 29, 2019, the Missoula County District Court imposed a five-year, suspended sentence to the Department of Corrections (DOC) for felony theft. The court awarded 222 days of credit for time served toward his fine. Taylor began serving his probationary term in 2019.

On April 22, 2021, the court held a sentencing hearing for violations of Taylor's conditions. The court concluded that Taylor had violated his conditions, thereby revoking his first sentence. The court reimposed a five-year sentence to the DOC and awarded 707 days of credit for time served. Once again, Taylor began serving his second suspended sentence on probation.

On May 26, 2022, the court held another sentencing hearing after Taylor violated his probationary conditions. The court revoked his second sentence and imposed a five-year DOC term with no time suspended. The court also awarded credit for time served.

Taylor does not have a longer sentence than the law allows. The State set forth in its charging documents that felony theft, pursuant to § 45-6-301(1), MCA, had a maximum punishment of ten years in prison for theft of property greater than $10,000. *See* § 45-6-301(7)(b)(ii), MCA. Taylor could have received a ten-year prison sentence. Because he pleaded guilty to the offense, he received a five-year term and dismissal of the criminal mischief charge.

Under Montana law, a district court may revoke an original, suspended sentence and "require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence[.]" Section 46-18-203(7)(a)(iii), MCA. Here, the District Court originally imposed a five-year, suspended term, and Taylor violated his probationary conditions twice. The resulting sentence is not any longer than the original sentence.

Taylor's resulting sentence is valid. This Court has previously held that a revocation of a sentence does not violate double jeopardy. *State v. Dewitt*, 2006 MT 302, ¶¶ 7-9, 334 Mont. 474, 149 P.3d 549. Taylor's sentence imposed upon revocation does not violate double jeopardy. Taylor is precluded from challenging any sentence upon revocation through this remedy of habeas corpus relief. Section 46-22-101(2), MCA. Therefore,

IT IS ORDERED that Taylor's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: counsel of record; Captain Kowalski, Missoula County Jail; and Vincent Taylor personally.

DATED this _6th_ day of September, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices