ORIGINAL

**FILED**

09/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0470

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0470

_____

COY YARBER,

Petitioner,

v.

JAMES SALMONSEN, Warden,

Respondents.

FILED

SEP 2 0 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

_____

Representing himself, Coy Yarber has filed a Petition for Writ of Habeas Corpus, indicating several reasons why his restraint or incarceration is illegal. Yarber puts forth that "there is no tribunal with jurisdiction over [his] case."

Yarber challenges the extended jurisdiction of the Cascade County District Court in his juvenile matter, commencing at the age of sixteen. Yarber explains that his sentence in his juvenile case is illegal because he "was charged as an adult and later transferred back to Youth Court at his transfer hearing pursuant to the Extended Jurisdiction Prosecution Act." He states that the court imposed a six-year deferred imposition of sentence in April of 2012 to the custody of the Youth Court until 18 years of age. He contends that no court order exists transferring his Youth Court matter back to the District Court when he incurred additional felony charges in July of 2013, resulting in the consecutive running of his six-year deferred sentence. Yarber states that in March 2019, when the court sentenced him in two other cases, he was denied credit for time served. Yarber accuses the sentencing Judge of bias when the court ultimately imposed a forty-year prison term for felony robbery in March 2019. Yarber did not appeal.

As Yarber states in his instant Petition, the Sentence Review Division (SRD) reviewed Yarber's sentences in August 2019. In its decision, the SRD explained that Yarber's six-year deferred imposition of sentence for felony robbery was revoked and that he was sentenced to the Montana State Prison (MSP) for forty years (Cause No. DC-12-

021). The sentence ran consecutively to any other sentence. The SRD also reviewed his second conviction for felony robbery and ten-year sentence to MSP (Cause No. DC-12-334) as well as his five-year sentence to MSP for felony criminal possession of dangerous drugs (Cause No. DC-18-496). The SRD affirmed the last two sentences, and it decreased his forty-year prison sentence to twenty years for the first conviction of felony robbery.

The Extended Jurisdiction Prosecution Act is found in Montana statutes. *See* §§ 41-5-1601, through 41-5-1607, MCA. Yarber's reference to a Montana case also mentions these statutes and how jurisdiction is transferred upon a revocation. "However, jurisdiction may be transferred from a youth court to a district court upon revocation of the stay of the adult sentence." *In re S.G.-H.M.*, 2021 MT 176, ¶ 10, 404 Mont. 531, 490 P.3d 1248. Pursuant to § 41-5-1605(3), MCA, when a court revokes a sentence because of a new offense, "the youth court shall transfer the case to the district court. Upon transfer, the offender's extended jurisdiction juvenile status is terminated and youth court jurisdiction is terminated."

Yarber's attached copy of the court's March 1, 2019 sentencing judgment provides more context here. While Yarber includes a copy of this judgment with a youth court cause number,[1] it does not result in the court being without jurisdiction. A tribunal existed to sentence Yarber because he was under the age of 25 years in 2019. *In re S.G.-H.M.*, ¶ 10. The District Court detailed the reasons for the prison sentence.

> Due to his age and immaturity, the Defendant was given a six year deferred sentence with the forty year maximum sentence of robbery as a consequence for any probation violations. The Defendant committed another armed robbery at age seventeen, and he was sentenced to ten years at the Montana State Prison with five years suspended. Because the Defendant was sentenced as a juvenile, he was entitled to have this court review his sentence when he was was an adult. On account of purported progress the Defendant made at the Montana State Prison, this [c]ourt modified the Defendant's sentence to ten years in prison.
>
> While being held at the Juvenile Detention Center, the Defendant's violence escalated even more severely when he held a detention officer

---

[1] This Court points out that the cause number reflected in the SRD's decision was DC-12-021 and not ADJ-12-021, as Yarber provides.

2

hostage at knifepoint and threatened to kill her in an escape attempt. The Defendant was charged with kidnapping, assault with a weapon, possession of a deadly weapon by a prisoner, and attempted escape. This [c]ourt sentenced the Defendant to forty-five years at the Montana State Prison with ten years suspended, consective to any other sentence being served. The Montana Sentence Review Commission, on account of the Defendant's youth, modified the Defendant's sentence, to twenty years at the Montana State Prison with five years suspended. This made the Defendant parole eligible, and he was paroled by the parole board. The parole board will now handle his parole violations.

Fortunately, for the safety of the Great Falls community, this Court retains the power to sentence the Defendant up to forty years in prison for the robbery in this case, up to ten years in prison of the robbery in Cause No. CDC-12-334(a), and up to five years in prison for criminal possession of dangerous drugs in Cause No. ADC-18-496.

Yarber is not entitled to credit for time served, pursuant to § 46-18-203(7)(b), MCA, because the court has discretion in making such an award, giving its reasons for the sentence imposed. Yarber indicates that he challenges the decision by the Board of Pardons and Parole. He has not provided any argument or supporting documentation on that claim.

We conclude Yarber is not entitled to relief. He brings his claims too late to this Court and through the wrong remedy. Yarber could have raised any constitutional claims in a direct appeal, where this Court would have had the entire record to review. He did not do so, exhausting the remedy of appeal. Section 46-22-101(2), MCA. This Court has stated before that a sentence upon revocation does not violate double jeopardy. *State v. Dewitt*, 2006 MT 302, ¶¶ 7-9, 334 Mont. 474, 149 P.3d 549. He has not demonstrated a facially invalid sentence or illegal restraint, pursuant to § 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Yarber's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is also directed to provide a copy of this Order to counsel of record and to Coy Yarber personally.

DATED this ⟨26⟩ day of September, 2022.

_____
Chief Justice

3

_____

_____

_____

_____
                Justices