

**FILED**

03/07/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0116

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0116

WAYNE ANTHONY AVILES,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,

Respondent.

**FILED**

MAR 0 7 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Petitioner Wayne Anthony Aviles has filed a Petition for Writ of Habeas Corpus, requesting full exoneration and expungement of charges from his record, his immediate release from prison, and a large amount of restitution. Aviles alleges illegal incarceration due to his "illegal sentence" because it is a five-year, unsuspended term to the Department of Corrections (DOC). Aviles contends that his sentence violates his right to be free from double jeopardy. He also lists at least fifteen claims, such as conflict of interest, ineffective assistance of counsel, and violations of other constitutional rights. Aviles includes 192 pages of attachments. He is currently placed at the Missoula Assessment Sanction Center (MASC).

On October 10, 2017, the Tenth Judicial District Court, Fergus County, sentenced Aviles for felony sexual intercourse without consent to the DOC for an unsuspended ten-year term. The District Court later amended the sentence on the State's motion, holding a hearing on January 4, 2018, and imposing a ten-year DOC term with five years suspended. Aviles did not appeal.

In open court on May 24, 2022, the District Court revoked Aviles's suspended sentence because of violations. The court imposed a five-year, unsuspended term and awarded credit for time served as well as street time. Aviles did not appeal his sentence upon revocation.

Upon review, Aviles's five-year unsuspended sentence is lawful and valid because it is a sentence upon revocation. Pursuant to § 46-18-203(7)(a)(iii), MCA, a sentencing court may revoke the suspension of the sentence and impose any term that is not longer than the original sentence. Upon revocation, Aviles received a five-year sentence, which is not longer than his original ten-year sentence with five years suspended. Section 46-18-203(7)(a)(iii), MCA. Aviles's sentence does not violate the right to be free from double jeopardy. This Court has stated that "revocation of a suspended sentence based upon violations of probationary conditions and reinstatement of the [] sentence does not violate a person's constitutional rights against double jeopardy[.]" *State v. Dewitt*, 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549.

Aviles's other claims cannot be addressed through the remedy of habeas corpus. Section 46-22-101(1), MCA. His litany of claims would be more appropriately raised in direct appeal, and at this point, he is time-barred to challenge his conviction and sentence through an appeal. Section 46-22-101(2), MCA.

Aviles retains the remedy of filing a petition for postconviction relief with the District Court. He may raise the claims concerning his counsel's representation through such a petition. *See* §§ 46-21-101 through 46-21-105, MCA. Under Montana law, Aviles is procedurally barred to challenge his sentence upon revocation through the remedy of habeas corpus. Section 46-22-101(2), MCA. Aviles is not entitled to his requests of exoneration, dismissal of charges, release, or restitution. Therefore,

IT IS ORDERED that Aviles's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: Captain Kowalski, counsel of record, and Wayne Anthony Aviles personally.

DATED this _____ day of March, 2023.

_____
Chief Justice

2

_____

_____

_____

_____
                    Justices

3