
ORIGINAL

FILED

04/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0116

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 23-0116

FILED

APR 1 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

WAYNE ANTHONY AVILES,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,

Respondent.

ORDER

On March 7, 2023, this Court denied and dismissed self-represented Petitioner Wayne Anthony Aviles's Petition for Writ of Habeas Corpus because he was barred to challenge his 2022 sentence upon revocation, under Montana law. Section 46-22-101(2), MCA. On March 10, 2023, Aviles filed a fifteen-page Memorandum in support of his Writ. Since then, Aviles has filed a "Petition for Reversal, 3 Contempts of Court (Perjury, Willful Neglect, Abuse of Process or Proceedings), Court Serving an Inaccurate and Illegal Document, and No Double Jeopardy Test Performed." He states: "Aviles requests reversal of the order to deny and dismiss his habeas corpus petition." We deem his recent filing a petition for rehearing, pursuant to M. R. App. P. 20(1).

M. R. App. P. 20(1) provides criteria for rehearing. This Court "will consider a petition for rehearing presented only upon . . . [t]hat it overlooked some fact material to the decision[,] . . . or [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a)(i) and (iii). "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

Aviles's Memorandum is not proper. Because this Court received his Memorandum after we issued the Order, we will not consider Aviles's Memorandum. Moreover, Aviles

cannot demonstrate that his Memorandum is appropriate under M. R. App. P. 14(5). This Court declines to address the claims presented in the Memorandum.

Turning to his Petition for Rehearing, Aviles's claims are mistaken. We explained that his 2022 sentence upon revocation does not subject him to double jeopardy. Under Montana law, the scope of habeas corpus is very narrow—a demonstration of illegal restraint or incarceration. Section 46-22-101(1), MCA. We reiterate:

> Upon review, Aviles's five-year unsuspended sentence is lawful and valid because it is a sentence upon revocation. Pursuant to § 46-18-203(7)(a)(iii), MCA, a sentencing court may revoke the suspension of the sentence and impose any term that is not longer than the original sentence. Here, Aviles received a five-year sentence, which is not any longer than his original ten-year sentence with five years suspended. Section 46-18-203(7)(a)(iii), MCA. His sentence does not violate the right to be free from double jeopardy. This Court has stated that "revocation of a suspended sentence based upon violations of probationary conditions and reinstatement of the [] sentence does not violate a person's constitutional rights against double jeopardy[.]" *State v. Dewitt*, 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549.
>
> Turning to Aviles's other claims, these claims cannot be addressed through the remedy of habeas corpus. Section 46-22-101(1), MCA. His litany of claims would be more appropriately raised in direct appeal, and at this point, he is time-barred to challenge his conviction and sentence through an appeal. Section 46-22-101(2), MCA.
>
> Aviles retains the remedy of filing a petition for postconviction relief with the District Court. He may raise the claims concerning his counsel's representation through such a petition. *See* §§ 46-21-101 through 46-21-105, MCA. Under Montana law, Aviles is procedurally barred to challenge his sentence upon revocation through the remedy of habeas corpus. Section 46-22-101(2), MCA. Aviles is not entitled to his requests of exoneration, dismissal of charges, release, or restitution.

*Aviles v. Kowalski*, No. OP 23-0116, Order, at 2 (Mar. 7, 2023). We conclude that Aviles provides no basis or criteria to warrant a rehearing. Accordingly,

IT IS ORDERED that Aviles's "Petition for Reversal, 3 Contempts of Court (Perjury, Willful Neglect, Abuse of Process or Proceedings), Court Serving an Inaccurate

2

and Illegal Document, and No Double Jeopardy Test Performed[,]" deemed a Petition for Rehearing, is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Aviles's Memorandum is DENIED, as moot.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and Wayne Anthony Aviles personally.

DATED this 11ᵗʰ day of April, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3