□ ORIGINAL

FILED

03/26/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0157

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0157



FILED

MAR 2 6 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

THERESA WALKER,

Petitioner,

v.

STATE OF MONTANA, DEP'T OF PUBLIC
HEALTH AND HUMAN SERVICES,
SGT. BRAGG, AND LEWIS AND CLARK
COUNTY SHERIFF,

Respondents.

O R D E R

Representing herself, Theresa Walker has filed two Petitions for Writs of Habeas Corpus as well as a Supplemental Petition for Writ of Habeas Corpus. She contends that she has "been wrongfully committed of a crime." Walker puts forth that her incarceration is illegal, raising many claims that are not remedied by habeas corpus relief. Section 46-22-101(1), MCA. She claims that she initially had ineffective assistance of counsel; that she thought a no contest plea was the same as a not guilty plea when she signed the agreement; that she experienced police brutality when she was arrested; that she is entitled to bail pending appeal; and that her health is at risk while incarcerated. She alleges a violation of her right to be free from double jeopardy. Walker also alleges an illegal sentence along with an invalid conviction, and she requests more credit for time served. Walker reiterates that she has not done anything wrong. She requests her immediate release, either on her own recognizance (O.R.) or due to her medical condition.

Available electronic records indicate that on February 6, 2023, the Lewis and Clark County District Court issued Judgments in two separate criminal cases. The District Court imposed a one-year, suspended commitment to the Department of Public Health and Human Services (DPHHS) for misdemeanor criminal endangerment and deferred

imposition of a four-year term with conditions for felony criminal endangerment (2020 case). The District Court dismissed two other misdemeanor charges, pursuant to a plea agreement. The court awarded credit for time served from: October 1, 2020 to October 2, 2020; May 23, 2022 to July 8, 2022; and July 11, 2022 to October 8, 2022.

In her second case, the District Court committed Walker to DPHHS for a one-year, suspended term for misdemeanor negligent endangerment. The District Court dismissed the alternate count, felony partner or family member assault. The court awarded credit for time served: June 13, 2021 to July 15, 2021; April 6 2022 to May 16, 2022; May 23, 2022 to July 8, 2022; and July 11, 2022 to October 8, 2022. The court ran the sentence consecutively to her prior, suspended sentence in her 2020 case.

On February 14, 2024, the District Court issued an Order Revoking Defendant's Sentence and Amended Judgment and Commitment in the 2020 case. The District Court revoked her deferred imposition of sentence and committed her to DPHHS for a ten-year term with five years suspended. The court noted the prior credit for time served and awarded additional credit from December 26, 2023 to January 11, 2024 and January 21, 2024 to February 14, 2024. The District Court also credited Walker with street time, or elapsed time, from September 13, 2022 to April 28, 2023.

Walker includes a copy of the July 10, 2023 Report of Violation by her Probation and Parole Officer for her 2020 case. In this Report, the Probation and Parole Officer noted that Walker had absconded, thereby committing a non-compliance violation as a probationer. Sections 46-23-1012(5), and 46-23-1015(3), MCA. Walker would not be entitled to bond on the arrest warrant because of the non-compliance violation. Section 46-23-1015(5), MCA.

Walker is precluded from challenging her sentence upon revocation through a writ of habeas corpus under Montana law. Section 46-22-101(2), MCA. A sentence upon revocation does not violate double jeopardy. *State v. DeWitt*, 2006 MT 302, ¶ 10, 334 Mont. 474, 149 P.3d 549. Walker does not have an appeal pending with this Court, and a petition for a writ of habeas corpus is not a substitute for an appeal. *State v. Wright*, 2001

2

MT 282, ¶ 13, 307 Mont. 349, 42 P.3d 753. Walker has the remedy of appealing the court's final judgment, imposing a sentence upon revocation, to this Court, and an appeal would be the proper means for her to raise her various claims. M. R. App. P. 4(5)(b)(i); § 46-20-104(1), MCA. Walker has until April 15, 2024, to file a timely notice of appeal of her sentence upon revocation.

Walker has not demonstrated illegal incarceration or an illegal sentence. Section 46-22-101(1), MCA.

IT IS THEREFORE ORDERED that Walker's Petitions for Writs of Habeas Corpus are DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: Sheriff Leo Dutton, Sergeant Bragg, counsel of record, the Appellate Defender Division, and Theresa Walker personally.

DATED this 26 day of March, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3